## THORNE V. ORNAUER.

1. Before the repeal of section 395 of the code notice of all motions set for hearing in a county court, except those made during the progress of a trial, was required to be given to the opposite party.
2. An application for a rule commanding a plaintiff to refund a docket fee, or in default to submit to a dismissal of his appeal, was an application for an order and hence a motion requiring notice.
3. Written pleadings are only required to be filed in causes originally begun in courts of record.

*Error to County Court of Lake County.*

Messrs. HAYNES and PARKS, for plaintiff in error.

Mr. HENRY C. DILLON, for defendant in error.

PER CURIAM.  Upon perfection of the appeal from the judgment rendered by the justice, this cause was pending before the county court for a trial *de novo*.  Thereafter the procedure was governed by the practice prescribed for the trial of causes in that court.  As the law then stood, by section 389 of the Civil Code, notice of all motions set for hearing in that court, except those made during the progress of a trial, was required to be given the opposite party.  This notice of motion, when made in *term time*, was served by entering the same in a book kept for the purpose, called the "motion book;" the motion to be for hearing at the end of twenty-four hours after the record of such notice.

This statutory requirement was not complied with in the case at bar.  The application for a rule commanding plaintiff to refund the docket fee, or, in default thereof, submit to a dismissal of his appeal, was an application for an order, and hence it was a motion.  Code, § 397, formerly § 388.  No notice of this motion, either actual, or constructive by entry in the motion book according to law, was ever given.  We must therefore hold that the court's action in dismissing the appeal and rendering a judgment for costs was erroneous.

Counsel's argument concerning the filing of written pleadings in such case is inapplicable.  Written pleadings are only required to be filed in causes *originally begun* in courts of record; and while cases appealed from justices of the peace are pending for trial *de novo* they are not governed by the code provisions relating to written pleadings; moreover, such pleadings are expressly dispensed with by statute.  Sec. 1987, Gen. Stat.  There is, in our judgment, no repeal, either expressed or implied, of the latter statutory provision.

It is not necessary for us to pass upon the other questions argued by counsel.  It appears that the transcript from the justice does affirmatively show the *amount sued for*.  And the defect from a failure to record in his

docket *the nature of the cause of action* may be cured in the future proceedings by proofs *aliunde* establishing the justice's jurisdiction. *Liss v. Wilcoxen*, 2 Colo. 85.

The judgment will be reversed, and the cause remanded for further proceedings.

*Reversed.*