## SLATER v. HAAS.

MINING PARTNERSHIP — RETIRING PARTNER.— Where several tenants in common of a mine employ a manager to work and extract the ores therefrom and account to the owners for the proceeds, thus forming a mining copartnership, though not for a fixed or definite period, one of the owners may withdraw from such enterprise without dissolving such copartnership as to the other tenants; and if the others continue thereafter to work the mine, the withdrawing party may maintain an action in his own name for his share of the proceeds thus coming into the hands of the manager without making his co-tenants parties to the action.

*Appeal from Lake County Court.*

THIS was an action originally brought by Haas as plaintiff, against Slater, in a justice's court to recover a small money judgment. On appeal in the county court plaintiff recovered judgment for $112. The defendant Slater appeals to this court.

Mr. S. J. HANNA, for appellant.

PER CURIAM. The assignments of error are confined to the overruling of defendant's motion for nonsuit and to the rendering of final judgment in favor of plaintiff. The trial in the county court was without a jury, and the only objections or exceptions appearing in the record are as follows: At the close of plaintiff's evidence " the defendant's counsel moved the court for a nonsuit, on the ground that plaintiff had failed to prove a good cause of action, which motion the court overruled." The defendant excepted to the ruling, and also excepted to the finding and decision of the court against him at the close of the trial, but did not state the grounds of his objection.

There being no written pleading (*Thorne v. Ornauer*, 8 Colo. 353), the questions to be determined on this appeal must be gathered from the evidence. The evidence shows that plaintiff and several other persons, some of them nonresidents, were tenants in common of a certain mine in Lake county, plaintiff's interest being one-eighth. These co-tenants employed Slater to work the mine, extract and sell the ores, and account to the owners for the proceeds. By this arrangement it is assumed by counsel for appellant that plaintiff and his co-owners entered into a copartnership, thus constituting a relationship different from that existing between them as tenants in common; and, hence, that plaintiff cannot maintain this action in his own name for his share of the proceeds of the mine in the hands of the defendant arising out of such employment. There is no evidence of an express contract of copartnership having

been agreed to between the several owners for any fixed or definite period or at all. Nevertheless, the existence of a mining partnership with its peculiar limitations and conditions may perhaps be inferred from the acts of the parties and the circumstances appearing in evidence. *Manville v. Parks*, 7 Colo. 128; *Charles v. Eshleman*, 5 Colo. 111.

During the progress of the work a controversy arose between the plaintiff, Haas, and the defendant, Slater, as to the rate of wages per month the latter was to receive under his contract of hiring; and finally plaintiff undertook by written notice to defendant to terminate defendant's employment so far as plaintiff's interest in the mine was concerned. In such notice plaintiff declared that after a certain date, so far as his (plaintiff's) interest was concerned, he would dispense with defendant's services, and would in no way be responsible for any debts that might be contracted in connection with said mine without his personal consent. This notice was received by defendant, and the substance thereof was promptly communicated by him in writing to the other owners. In such communication defendant, Slater, declared that so long as the other owners chose to retain him in their employ it would not increase their expenses at all, but would only decrease his salary twelve and one-half per cent.,— that is, one-eighth,— and that he was ready to relieve plaintiff, Haas, of the burden of his salary. It does not appear that the other owners made any objection to this new arrangement. In addition to giving defendant notice of his withdrawal from the enterprise of working the mine, plaintiff also posted a written notice at the shaft-house, giving similar notice to all persons employed by or dealing with Slater in working the mine.

The acceptance of plaintiff's notice by defendant, and his express assent to its terms, the communication thereof to the other owners, and their acquiescence therein, together with his posted notice to all other persons interested, justify the conclusion that there was a withdrawal by plaintiff from any mining copartnership which may have theretofore

existed between the several co-tenants. The other owners, as well as plaintiff and defendant, having notice of the new arrangement, the court was warranted in finding that there was a complete termination by mutual consent of plaintiff's liability to defendant under the original contract of employment, and that by this means plaintiff's interest in the proceeds of the mining property was entirely severed from that of his co-tenants.

The defendant continued working the mine and extracting ores therefrom for several months after the withdrawal of plaintiff as aforesaid. The evidence was somewhat conflicting as to the rate of monthly wages the defendant was entitled to receive; but it is clear that defendant at the close of his employment reserved out of the proceeds of the mine his monthly wages at the full rate and for the full time as originally claimed by himself, disregarding altogether the abrogation of the original contract resulting from plaintiff's written notice, his own response and the acquiescence of the other owners.

Though not specifically so stated, it is obvious that the finding and judgment of the court were based upon the amount of plaintiff's interest in the surplus proceeds of the mine in the hands of defendant, according to the theory that plaintiff's liability under the original contract had been terminated and his interest in the proceeds of the mine severed from that of his co-tenants.

The findings of fact by the trial court upon the conflicting evidence cannot properly be disturbed. Plaintiff's share in the proceeds of the mine having been entirely severed from that of his co-tenants, there appears to be no legal obstacle to his recovery of the same in this action. The judgment of the county court is accordingly affirmed.

*Affirmed.*