## SAWYER *v.* PIPER.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 225. Argued April 6, 7, 1903.—Decided April 27, 1903.

The mere averment of the existence of a Federal question is not sufficient to give this court jurisdiction, but as held in *Hamblin* v. *Western Land Company*, 147 U. S. 531, a real, and not a fictitious, Federal question is essential to the jurisdiction of this court over the judgments of state courts. Where the only Federal question alleged is that the refusal of the state court to allow the plaintiff in error to file a supplementary answer in a suit, in which foreclosure and sale had been decreed and sustained by the highest court of the State, was a taking of property without due process of law, and a denial of the equal protection of the laws, and the trial court does not appear to have abused its discretion, there is no real Federal question involved and the writ of error will be dismissed.

ON April 27, 1897, Daniel S. Piper, the defendant in error, commenced a suit in the District Court of Steele County, Minnesota, against the plaintiffs in error and L. C. Woodman. The complaint alleged the ownership by the Sawyers of a tract containing 790 acres, upon which were several mortgages, all of them fully set forth and all belonging to the plaintiff. It also averred an agreement, made on February 19, 1895, by the terms of which the Sawyers were to pay plaintiff the sum of $20,400, with, in addition, monthly payments of $100; that the Sawyers were to convey the land to plaintiff; that he should execute a deed to them, the deed to be placed in escrow in the hands of Woodman, the other defendant, and to be delivered to them on full payment of the sums named; with a proviso that upon

failure of the Sawyers to make payment of the $20,400, with the monthly additions of $100, all their rights under the contract should cease and determine. The complaint further alleged a failure to make the monthly payments. The prayer was for a judgment of strict foreclosure of the contract unless redeemed within a year by the payment of the amount due with interest, or, in the alternative, if the court should deem it inequitable to adjudge a strict foreclosure, that the contract and all the mortgages be foreclosed by the sale of the mortgaged premises, and for such other and further relief as should seem just and equitable. The defendant Woodman, who held the deed in escrow, made no defence. The Sawyers answered, admitting the allegations of the complaint in respect to the mortgages and contract, and alleged that by such contract the amount due the plaintiff was fixed at $20,400, which included interest upon all the mortgages up to February 19, 1895. They also averred that the plaintiff had commenced in the same court an action of ejectment, which was still pending, and therefore this action should be abated. In his reply the plaintiff admitted the commencement of the action of ejectment, but alleged that it had been dismissed prior to this suit. On the trial the Sawyers offered the plaintiff a decree of foreclosure for the $20,400, named in the contract, and all unpaid monthly payments, which offer was declined. The court thereupon found the facts in respect to the mortgages and agreement as alleged in the complaint; ruled that such agreement did not extinguish by merger or otherwise the several mortgages, and that the plaintiff was entitled to foreclosure of each of the mortgages for the amount due thereon, and rendered judgment of foreclosure and sale accordingly. The case was taken to the Supreme Court of the State, which held, 73 Minnesota, 332, that the prior mortgages were merged in the agreement, which created an equitable mortgage on the land, and remanded the case with instructions to the court below to determine the amount due upon such equitable mortgage and amend its findings of fact and conclusions of law accordingly. On the second trial, the Sawyers applied for leave to file a supplementary answer, setting forth their offer on the first trial to let judgment and decree be entered for the fore-

closure of the equitable mortgage and the refusal of the plaintiff to accept such offer, and asserting that thereby the plaintiff had waived the lien of such equitable mortgage and precluded himself from foreclosing the same; and further, that a judgment in plaintiff's favor foreclosing said lien for any sum would deprive them of property without due process of law and deny to them the equal protection of the laws. The court declined to permit the filing of such supplementary answer, amended its findings of fact and conclusions of law, so as to show that the defendants had defaulted in the monthly payments referred to, and that therefore the equitable mortgage had become due, and entered a decree of foreclosure thereof and for the sale of the mortgaged premises. This decree was taken to the Supreme Court and affirmed, 78 Minnesota, 221, and thereupon this writ of error was sued out.

*Mr. Joseph A. Sawyer* for plaintiffs in error. *Mr. H. W. Childs* was on the brief.

*Mr. Robert Taylor* for defendant in error. *Mr. Frank B. Kellogg, Mr. Wesley A. Sperry* and *Mr. Lewis L. Wheelock* were on the brief.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

In their application for leave to file a supplementary answer the plaintiffs in error averred that to render a decree foreclosing the equitable mortgage would, under the circumstances, be a taking of property without due process of law and denying to them the equal protection of the laws, and claimed " the protection guaranteed to all citizens of the United States by the provisions of section 10 of Article I of the Constitution of the United States and of section 1 of the Fourteenth Amendment to the Constitution of the United States." While they thus asserted the existence of a Federal question, yet it is well settled that the mere averment of such a question is not sufficient. As said in *Hamblin* v. *Western Land Company*, 147 U. S. 531, 532:

" A real, and not a fictitious, Federal question is essential to the jurisdiction of this court over the judgments of state courts. *Millinger* v. *Hartupee*, 6 Wall. 258; *New Orleans* v. *New Orleans Water Works Co.*, 142 U. S. 79, 87. In the latter case it was said that ' the bare averment of a Federal question is not in all cases sufficient. It must not be wholly without foundation. There must be at least color of ground for such averment, otherwise a Federal question might be set up in almost any case, and the jurisdiction of this court invoked simply for the purpose of delay.' "

See also *Wilson* v. *North Carolina*, 169 U. S. 586; *St. Joseph & Grand Island Railroad Co.* v. *Steele*, 167 U. S. 659; *New Orleans Waterworks Co.* v. *Louisiana*, 185 U. S. 336.

We think this case comes within that rule. Rulings in respect to the amendment of pleadings are largely within the discretion of the trial court, and unless a gross abuse of that discretion is shown there is no ground for reversal. *Gormley* v. *Bunyan*, 138 U. S. 623. Here the trial court refused to permit any amendment of the pleadings, for a supplementary answer is substantially such an amendment. We cannot see that the trial court abused its discretion, even if that were a Federal question and properly before us for consideration. All the facts in reference to the original mortgages and the agreement were set forth in full in the original complaint, and relief was asked in the alternative—either a strict foreclosure of the agreement, or, if that were deemed inequitable, a foreclosure of the original mortgages. The defendants in their answer set up all their defences to plaintiff's claim of relief upon the facts stated in the complaint. That at the hearing they offered to consent to a decree of foreclosure of the equitable mortgage created by the agreement (which offer was declined by the plaintiff) did not pay the debt or release the property from the liens. Debts are not paid nor liens cancelled in that way. A defendant cannot by offering on a trial to consent to a judgment or decree for a part of the claim sued on, prevent the plaintiff from subsequently obtaining the judgment or decree demanded by the facts of the case, although it be that which had been offered and also declined. All the facts were before the trial court as

well as the Supreme Court, and the decision was that which right and justice demanded. There is no merit in the defence which was sought to be interposed, and certainly nothing which calls upon this court to interfere with the decision of the state court.

The writ of error is

*Dismissed.*