RUCKER v. BOLLES.

(Circuit Court of Appeals, Eighth Circuit.    December 6, 1904.)

No. 1,863.

1. APPEAL—REVIEW—RULINGS RELATING TO AMENDMENT OF PLEADING.
    Rulings in respect to the amendment of pleadings or process are largely within the discretion of the trial court, and constitute no ground for reversal unless a gross abuse of that discretion is shown.

2. PLEADING—VARIANCE—NECESSITY OF PLEADING NEW MATTER IN ANSWER.
    Under Mills' Ann. Code Colo. § 56, which requires the answer to contain a statement of any new matter constituting a defense or counterclaim, a defense which admits the making of the contract sued on, but seeks to avoid it by reason of some fact outside of the statements in the complaint which renders it champertous or void as against public policy, is based on new matter, and cannot be proved unless it is pleaded.

3. EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL.
    Where a written contract entered into without fraud, accident, or mistake purports on its face to be a complete memorial of the whole agreement, the conclusive presumption is that the parties have written into the contract every material item and term of their engagement, and it is not permissible to contradict, vary, or add to its terms by parol evidence

4. ACTION ON CONTRACT—PLEADING—ISSUES.
    The pleadings construed in an action on a contract, and *held* to present the issue upon which the jury determined the case.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action by Bolles against Rucker upon the following contract, which was set forth at length in the complaint:

"This agreement made this sixteenth day of April, A. D. 1892, by and between A. W. Rucker, of the County of Arapahoe and State of Colorado, party of the first part, and Richard J. Bolles, of the City of New York and State of New York, party of the second part, Witnesseth:

"That said party of the first part in consideration of the sum of twenty-seven thousand five hundred ($27,500) dollars to him in hand paid by said second party, the receipt of which is hereby acknowledged and confessed, has and does hereby sell, assign, and convey unto said second party his heirs and assigns, one-fourth (¼) of the amount of any judgment that may or shall be recovered by said first party in a certain cause or proceeding now pending in the District Court of the County of Arapahoe, in the State of Colorado, wherein said A. W. Rucker is plaintiff and Harvey Young, Jerome B. Wheeler and others are defendants, in which action said plaintiff seeks to recover an interest in the Aspen lode mining claim, situate in Pitkin County in said State of Colorado, and an accounting and judgment for the value of the ores and minerals taken from said premises, and for a conveyance of an interest in said premises and the value of certain interests therein sold by defendant Wheeler.

"Hereby selling and conveying one fourth (¼) of any judgment for money that may or shall be found or entered in said cause in said court, or in any court to which the same may or shall be removed, also in and to all contracts and agreements relating to said cause of action, to the extent of one-fourth (¼) of all moneys that shall or may be collected or otherwise, but no part of

the interest or title, that shall be recovered in and to said lode mining claim shall be held to be assigned under this contract.

"Said first party further agrees that he will prosecute said action, and all actions, and proceedings relating thereto that are now pending, or that shall hereafter be begun, to a final determination at his own proper costs.

"Said first party hereby reserves the right to settle said cause for a sum not less than three hundred thousand ($300,000) dollars, one-fourth (¼) of which shall belong to, and be paid to said second party upon his compliance with the terms hereof.

"In consideration of which said second party agrees to and with said first party, that upon the final determination of said cause in the courts in which it is now pending, or in any court or courts to which it may be removed or appealed, and all proceedings relating thereto or affecting said cause, he will pay to said first party an additional sum sufficient to make a total payment hereunder of twelve and one-half (12½) per cent. of the amount of said judgment, and all moneys belonging thereto, and shall receive one-fourth (¼) of all moneys collected upon said judgment and all moneys deposited in court or in any manner collected under or by virtue of said proceedings, which additional sum shall be paid within ninety (90) days after the second party shall have received notice of the final determination of all such proceedings, provided if said second party shall not pay said additional sum within said time or shall elect not to do so, said first party shall repay to said second party the said sum of twenty-seven thousand five hundred dollars ($27,500) with interest thereon from this date at eight per cent. per annum; which payment shall be made by said first party from the first proceeds received by said first party in said action, or any settlement or compromise of the same, or any part thereof, but not otherwise: Provided, also, that in any settlement or compromise made of said cause, said second party shall receive a sum of not less than seventy-five thousand dollars ($75,000) upon paying the further sum of ten thousand dollars ($10,000).

"It is further agreed that the said first party reserves the control and management of said cause, subject only to the limitations herein. This contract shall extend to and bind the heirs and assigns of each party hereto.

"In witness whereof, the parties hereto have set their hands and seals the day and date first above written.

"[Signed]
A. W. Rucker. [L. S.]
"Rich. J. Bolles. [L. S.]"

After stating the execution of the contract and the payment by the plaintiff of the original consideration of $27,500, therein recited, the complaint alleged that the defendant subsequently recovered a judgment against Wheeler for $801,670.87 in the suit to which the contract relates; that this judgment was superseded by appellate proceedings, and during their pendency, on June 8, 1893, defendant made a compromise and settlement with Wheeler, whereby the former received from the latter in full satisfaction of the judgment a sum not exceeding $300,000; that the defendant paid to plaintiff $5,000 on account of the contract on May 28, 1892; that after the compromise and settlement, and before commencing the present action, plaintiff tendered to defendant the $10,000 contingently provided for in the contract, and demanded from him the payment of the full sum of $75,000, less the $5,000 theretofore paid, which tender and demand were then refused; and that by reason of these facts defendant was indebted to plaintiff under and by virtue of the contract in the sum of $60,000, being $75,000 less the $5,000 theretofore paid by defendant and less the $10,000 so tendered to him and refused. The prayer was for a judgment for $60,000, with interest.

The answer contained: (1) A denial of the allegations of the complaint other than the execution of the contract and the payment of the original consideration of $27,500; (2) a plea to the jurisdiction; (3) a statement of new matter, intended to show that the contract was champertous and void; (4) a statement that the contract had been rescinded and terminated by the mutual agreement of the parties and upon good and sufficient considerations; and (5) an allegation that plaintiff had failed and absolutely and finally refused to perform the contract, or to be further bound thereby, and had "utterly renounced, rescinded, and abandoned the same, and all and every part thereof,

and thereupon released the plaintiff [defendant] from the same, and all the obligations thereof." In his reply the plaintiff denied the allegations of the fourth and fifth defenses. A demurrer to the defense of champerty was sustained by the Circuit Court, and that ruling was approved by this court upon a former writ of error. 25 C. C. A. 600, 80 Fed. 504. The plea to the jurisdiction has been abandoned. A second trial, had in June, 1902, resulted in a verdict for plaintiff for $40,853.26, the amount of the original consideration of $27,500 paid by plaintiff April 16, 1892, with interest thereon, less a credit because of the payment of $5,000 by defendant May 28, 1892. To reverse a judgment upon this verdict, defendant prosecutes this writ of error.

Lyndon S. Smith, for plaintiff in error.

William W. Field (Joel F. Vaile, on the brief), for defendant in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is assigned as error that the court refused to permit the defendant to amend his answer, but, as the record does not disclose the nature of the amendment which was proposed, the presumption is that the refusal was right. Rulings in respect of the amendment of pleadings or process are largely within the discretion of the trial court, and constitute no ground for reversal unless a gross abuse of that discretion is shown. Rev. St. § 954 [U. S. Comp. St. 1901, p. 696]; Lange v. Union Pacific R. Co., 62 C. C. A. 48, 126 Fed. 338; Sawyer v. Piper, 189 U. S. 154, 23 Sup. Ct. 633, 47 L. Ed. 757. By the terms of the contract sued upon Rucker sold and assigned to Bolles an interest in any judgment which the former might recover in a suit then pending against one Wheeler, and it was stipulated that Rucker should retain the control and management of the suit, and should prosecute it to a final determination at his own proper costs, subject to a right reserved by him to effect a compromise and settlement with Wheeler for a sum not less than $300,000. Upon the trial, after the plaintiff, by the introduction of the contract and other evidence, had established a prima facie case against the defendant, the latter sought to prove by parol evidence that the contract did not express the actual agreement between the parties, and had been purposely so written by them as to conceal their real purpose; that when the contract was entered into Wheeler was prosecuting a suit against Bolles and others; that it was in fact agreed that Rucker, in addition to selling and assigning to Bolles an interest in any judgment which might be obtained in the suit against Wheeler, should not compromise that suit, but should permit Bolles to control its prosecution as a means of destroying the credit of Wheeler, and disabling him from prosecuting his suit against Bolles and others, thereby forcing its abandonment; and that in fact it was agreed that the money paid and to be paid by Bolles to Rucker under the contract was to be used by him in defraying the expense of so prosecuting and maintaining his suit against Wheeler as to accomplish Bolles' wrongful purpose. The court excluded this evidence, and that ruling is assigned as error. It may be conceded that, had the contract been so written as to express what the defendant sought to prove was in fact in the minds of the parties, it would have been champertous and void,

and no recovery could have been had thereon; but the evidence was not relevant to the issues made by the pleadings, and it was not permissible to thus contradict, vary, or add to the terms of a written contract.

Under the plea of non assumpsit at common law it was admissible to give in evidence any matter which showed that no cause of action existed at the commencement of the action, either because the contract was originally void or because its obligation had been subsequently discharged by payment, release, or otherwise; and, in consequence, defenses of which the pleadings gave no notice were not infrequently presented at the trial. The injustice resulting from this practice was remedied in England by the rules of Hilary Term, 4 William IV (1 Chitty on Pleadings [16th Am. Ed.] *pp. 492, 497, 506), and it is avoided in the states which have adopted the Reformed Code of Civil Procedure by a provision which declares literally or in substance: "The answer of the defendant shall contain: First, a general or specific denial of each material allegation in the complaint intended to be controverted by the defendant; second, a statement of any new matter constituting a defense or counterclaim." There is such a statute in the state of Colorado. Mills' Ann. Code, § 56. Whatever operates by way of confession and avoidance, as distinguished from denial, is new matter within the meaning of this provision. It includes everything outside of the material statements of fact in the complaint which operates to avoid their legal effect, but not to impugn their truth. To be provable by the defendant, the new matter must be specially pleaded, so that the plaintiff may be informed of the defense, and may prepare to meet it. In an action upon a contract a defense which expressly or impliedly admits the making of the contract and seeks to show that it is in contravention of public policy and void by reason of some fact outside of the statements in the complaint is based upon new matter, which cannot be proved by the defendant unless it is pleaded. Pomeroy's Code Remedies (3d Ed.) §§ 691, 692, 708; Bliss on Code Pleading (3d Ed.) §§ 327, 352; Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Finley v. Quirk, 9 Minn. 194 (Gil. 179), 86 Am. Dec. 93; Dodge v. McMahan, 61 Minn. 175, 63 N. W. 487; Denton v. Logan, 3 Metc. (Ky.) 434; Casad v. Holdridge, 50 Ind. 529; Riech v. Bolch, 68 Iowa, 526, 27 N. W. 507; Moore v. Ringo, 82 Mo. 468; St. Louis, etc., Ass'n v. Delano, 108 Mo. 217, 18 S. W. 1101; Cummiskey v. Williams, 20 Mo. App. 606; Atchison & Nebraska R. R. Co. v. Miller, 16 Neb. 661, 21 N. W. 451; Buchtel v. Evans, 21 Or. 309, 28 Pac. 67; Ah Doon v. Smith, 25 Or. 89, 34 Pac. 1093; Maitland v. Zanga, 14 Wash. 92, 44 Pac. 117; Sharon v. Sharon, 68 Cal. 29, 8 Pac. 614.

The Supreme Court of Colorado does not seem to have considered the immediate question presented in this case, but that the general rule prevailing in other code states respecting the pleading of new matter has been approved by that court is shown in De Votie v. McGerr, 15 Colo. 577, 23 Pac. 980, where it was held that an estoppel in pais cannot be proved under the general or specific denial provided by the Code, but must be specially pleaded as new matter to be available as a defense. The Court of Appeals of that state has also held that evidence of additional facts showing that the contract sued upon is

champertous cannot be given by the defendant unless they have been specially pleaded. Mining Co. v. Bentley, 10 Colo. App. 271, 50 Pac. 920.

The decision in Oscanyan v. Arms Co., 103 U. S. 261, 266, 26 L. Ed. 539, which is especially relied upon by the plaintiff in error, was partly rested upon what has since proved to have been an erroneous view of the defenses admissible under a general denial in the state of New York (Milbank v. Jones, supra), but in other respects it is entirely consistent with the recognized rule in code pleading that, if the facts which render the contract sued upon illegal or void are not disclosed by the plaintiff's pleadings or evidence, they cannot be shown except according to the rule which entitles the plaintiff to notice of the defenses intended to be interposed, and restricts the evidence to matters presented and put in issue by the pleadings. Greenhood on Public Policy, 125; Milbank v. Jones, Buchtel v. Evans, Ah Doon v. Smith, and Maitland v. Zanga, supra. In that case the plaintiff's counsel in the opening statement to the jury fully and deliberately admitted the existence of facts which necessarily rendered the contract void as forbidden by public policy. That admission was as binding upon the plaintiff as if it had been made in his pleadings or evidence, and, as no injury could be done to him by accepting and acting upon his deliberate admission, made in open court, the character of the defendant's answer was not controlling. Handy v. St. Paul Globe Publishing Co., 41 Minn. 188, 42 N. W. 872, 4 L. R. A. 466, 16 Am. St. Rep. 695. In the present case the contract as set forth in the complaint and produced in evidence by the plaintiff was upon its face apparently valid, and there was no suggestion of any fact rendering it invalid or void, either in the allegations of the complaint or in the plaintiff's evidence. The defendant, without having laid any foundation therefor in his answer, sought at the trial to establish the invalidity of the contract by giving evidence of facts which did not tend to controvert those alleged and proved by the plaintiff, but confessed their truth, and tended to avoid their legal effect. This he was not entitled to do. For another reason this evidence was not admissible. Where a written contract, entered into without fraud, accident, or mistake, purports upon its face to be a complete memorial of the whole agreement, the conclusive presumption is that the parties have written into the contract every material item and term of their engagement, and it is not permissible to contradict, vary, or add to its terms by parol evidence. Union Selling Co. v. Jones, 63 C. C. A. 224, 128 Fed. 672; Kilby Manufacturing Co. v. Hinchman-Renton Fire Proofing Co. (C. C. A.) 132 Fed. 957; Montgomery v. Ætna Life Ins. Co., 38 C. C. A. 553, 558, 97 Fed. 913; McKinley v. Williams, 20 C. C. A. 312, 319, 74 Fed. 94; Fitzgerald v. Burke, 14 Colo. 559, 23 Pac. 993. The evidence which was excluded was clearly in contradiction of some of the express terms of the written contract, and tended to insert new terms therein. It did not, as claimed, relate primarily to the nature of the consideration moving to the defendant, but to the terms and nature of his engagement. If they were as stated in the contract, there was no element of invalidity in any part of the transaction.

The contract, which is set forth at length in the statement preceding this opinion, shows that in consideration of $27,500, recited to have been paid by Bolles to Rucker, a one-fourth interest in any judgment which the latter might recover in his suit against Wheeler was assigned to Bolles, and that the assignment extended to all moneys in any manner collected in or by virtue of that suit, whether the proceeds of a judgment or of a compromise and settlement. The assignment was not unqualified, but was upon such terms and conditions that Bolles' rights were as follows: (1) To demand the repayment of the $27,500, with interest, subject to no other condition than that Rucker should realize that sum from the prosecution of the suit, or from a compromise and settlement; or (2) to demand one-fourth of the amount realized by Rucker upon any judgment recovered in the suit, subject to the condition that within 90 days after notice of its final determination Bolles should pay to Rucker an additional sum sufficient, with the $27,500, to make a total payment of 12½ per cent. of the judgment; or (3) to demand one-fourth of the amount realized by Rucker upon any compromise and settlement, but not less than $75,000, subject to the condition that Bolles should pay to Rucker the fixed and additional sum of $10,000, instead of the stated percentage of the amount realized. The payment of the $10,000 was to be optional with Bolles, and was not made a condition to the right to demand repayment of the $27,500, with interest, from the proceeds of a compromise and settlement, but only to the right to demand the full sum of $75,000 therefrom. The defendant, being of opinion that the provision for an additional payment of $10,000 was ambiguous and uncertain in respect of the time when it was to be made, sought by parol evidence to show that it was agreed when the contract was executed that this sum was then presently due; but that its payment should be forborne until the incoming and approval of the referee's report in the suit against Wheeler. The court excluded this evidence, and later instructed the jury that under the terms of the contract this additional payment was optional with the plaintiff, and, if made, was to be contemporaneous with the payment of the $75,000 by the defendant. These rulings are assigned as error. The excluded evidence was clearly in contradiction of the terms of the contract, and inadmissible, because it tended to show that the fixed sum of $10,000 was payable in advance of any compromise and settlement, when the contract contemplated its payment only in the event of a compromise and settlement, and therefore after such event; and because it tended to show that the obligation to pay that sum was absolute, and not optional. Whether this payment, if made, was to be contemporaneous with the payment of the $75,000 by the defendant, has become altogether immaterial, because the verdict, when read in the light of the evidence and the instructions of the court, conclusively shows that the jury found that the plaintiff had elected not to make any additional payment, and had thereby renounced or waived the right which could have been perfected by a timely payment of the $10,000. The evidence showed that the $27,500 was actually paid when the contract was made; that a compromise and settlement with Wheeler was effected by the defendant, under which he received a sum approximating, but not amounting to, $300,000; and that the plaintiff had not made any addi-

tional payment under the contract, but on December 6, 1893, immediately before commencing the action, had tendered $10,000 to the defendant as an additional payment, which was declined. There was evidence on the part of the plaintiff tending to show that he had not been notified of the compromise and settlement, and had learned of it only casually. There was also testimony by the defendant, which was directly opposed by that of the plaintiff, tending to show that in November, 1892, the plaintiff elected not to make any additional payment under the contract, renounced all rights thereunder, and authorized the defendant to compromise and settle with Wheeler upon any terms satisfactory to himself; and that upon the faith thereof the defendant proceeded to make. and did make a compromise and settlement for a much less sum than he would otherwise have done.

In its charge the court, in effect, stated three propositions to the jury: (1) The tender of $10,000 to the defendant just prior to the commencement of the action was sufficient in point of time and otherwise, and entitled the plaintiff to a verdict for $75,000, less the amount of the tender and of an admitted credit of $5,000, unless the defendant had established the fourth or fifth defense in his answer. (2) If in November, 1892, the plaintiff elected not to make any additional payment under the contract, renounced all rights thereunder, and authorized the defendant to compromise and settle with Wheeler upon any terms satisfactory to himself, and upon the faith thereof the defendant made a compromise and settlement for a less sum than he would otherwise have done, the contract was entirely rescinded by mutual agreement and the verdict should be for the defendant. (3) If what occurred in November, 1892, was that the plaintiff merely elected not to make any additional payment under the contract, that was a renunciation or waiver of the right which otherwise could have been perfected by a timely payment of the $10,000, and the plaintiff would be entitled to a verdict for the amount of the original payment of $27,500, with interest, less the admitted credit of $5,000. The jury returned a verdict for the plaintiff conforming to the third proposition, which was necessarily a finding that there had been no complete rescission of the contract, and that what occurred in November, 1892, was that the plaintiff merely elected not to make any additional payment. It is objected that the third proposition was not within the issues, that the complaint did not state a case for the recovery of the original payment of $27,500, that the fifth defense did not admit of a construction that would render such a recovery permissible, and that there was no evidence to sustain it. The objection rests upon a misconception of the pleadings and evidence and of the duty of the jury. The contract sued upon is an entirety, and relates to a single matter. While the rights of the plaintiff are not the same in each of the contingencies provided for, they are in each restricted to the proceeds of the defendant's suit against Wheeler, and they vary only in respect of the extent to which the plaintiff is to share therein. The complaint sets forth the entire contract, alleges its execution, the original payment of the $27,500, the compromise and settlement of the suit against Wheeler, and the receipt by the defendant of a large sum thereunder. At the trial these facts were all established without contradiction, and all of them were as essential to a right to enforce

the repayment of the $27,500 from such proceeds as they were to a right to enforce the payment of the full sum of $75,000 therefrom. It is not questioned that the complaint stated a good cause of action for the recovery of the larger sum, and it is conceded that if, instead of alleging a tender of the $10,000, it had alleged that the plaintiff had elected not to make any additional payment, it would have stated a good cause of action for the recovery of the smaller sum. In the fifth defense it was alleged that the plaintiff had failed and refused to perform the contract, or to be further bound thereby, had renounced, rescinded, and abandoned the same, and had released the defendant from all obligations thereunder. The fourth defense adequately alleged a complete rescission, but the fifth defense, in legal contemplation, states nothing more than that the plaintiff had failed and refused to perform the contract. It is entirely wanting in the statement of any facts amounting to a complete rescission, or to a release of the defendant. Neither of these would result from any action of the plaintiff, for which there was no consideration, unless the defendant acted thereon under circumstances giving rise to an estoppel. The contract placed no obligation upon the plaintiff other than to pay an additional sum in the event that he desired to obtain more than the repayment of the $27,500, with interest. The allegation that he had failed and refused to perform the contract was therefore only an allegation that he had failed to make, and had elected not to make, any additional payment, the legal effect of which would be to restrict the right of the plaintiff and the obligation of the defendant to the repayment of the $27,500, with interest, from the proceeds of the compromise and settlement. At most the fifth defense was partial, and directed, not against all right of recovery under the contract, but against the right to recover more than the amount of the original payment, with interest. We think every fact essential to the plaintiff's recovery of that amount was within the issues.

Whether there was any evidence to sustain either of the fourth and fifth defenses rested entirely upon the personal testimony of the parties in which they gave opposing versions of a conversation between them in November, 1892. The defendant testified that in that conversation the plaintiff said that he did not intend to make any further payment, but did intend to throw up the contract, and lose what he had paid; that he had obligated himself to Wheeler to obtain a settlement of the suit; that the defendant could go on and settle with Wheeler on any terms satisfactory to himself; and that, being released from the contract, the defendant could afford to settle on better terms than otherwise. The defendant further testified that, acting upon the faith of the plaintiff's statement, he proceeded to make and did make a compromise and settlement for a much less sum than he otherwise would have done. The plaintiff, while admitting that the conversation related to the suit against Wheeler, to his financial worth, and to what could be settled by him, denied every part of the statement attributed to the plaintiff in the defendant's testimony. Neither the court in instructing the jury nor the jury in determining what its verdict should be was required to act upon the assumption that one of the two opposing versions of this conversation was entirely true and the other entirely untrue. The thing to be done was to extract the truth from them, and as one means to

this end it was the province and duty of the jury to consider the relative probability or improbability of the two versions, not merely in their entirety, but in respect of every part of each. We think it cannot reasonably be said that upon the application of this and other recognized tests it would not be a permissible conclusion from this testimony that the defendant's version was true in so far as it represented the plaintiff as electing not to make any additional payment, and as therefore foregoing such rights under the contract as were dependent upon the payment of an additional sum, but was untrue in so far as it represented him as also surrendering the rights acquired by his original payment which could be retained without any further expenditure. We are therefore of opinion that this testimony justified the submission to the jury of the second and third propositions in the court's charge as respectively applicable to the fourth and fifth defenses.

There are other assignments of error, but no useful purpose would be served by discussing them. They have been attentively considered, and have been found untenable.

The judgment is affirmed.