## BEERS et al. v. EQUITABLE TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Eighth Circuit. February 15, 1923.)

No. 6003.

1. **Appeal and error ⬅959(2)—Equity ⬅115—Application to file amended bill, to bring in defendant's receiver, discretionary, and not reviewable, in absence of showing of gross error.**

Application to file an amended and supplemental bill in equity for the purpose of bringing in as a party the receiver of defendant railroad company after motion by defendant to dismiss the bill, was within the discretion of the court, and the denial of such application is not reviewable, in the absence of gross abuse.

2. **Equity ⬅297—Bill in form original, but in fact ancillary, requires leave of court for filing.**

Notwithstanding that a bill in equity was docketed as an original action, the fact that it was filed in the same court, involved the same parties, covered the same matters, and sought identical relief as another bill filed on the same day, characterized it as ancillary to the original suit in equity, in which the complainants seek intervention, and, being ancillary in fact, it could not be filed without leave of court first obtained.

3. **Appeal and error ⬅854(5)—Dismissal on another ground not available to appellant, where bill should have been dismissed for want of equity.**

Where a bill in equity, ancillary in nature, was dismissed because filed without leave first had and obtained, the fact that the trial court did not pass on a motion to dismiss for want of equity is unavailing to appellants, where the bill should have been dismissed for want of equity.

Appeal from the District Court of the United States for the District of Colorado.

Bill in equity of complaint by James L. Beers and others against the Equitable Trust Company of New York, as trustee, the Denver & Rio Grande Railroad Company and others. From an order and judgment striking the bill of complaint from the files, and dismissing it as filed without leave, complainants appeal. Affirmed.

John Lee Webster, of Omaha, Neb. (Arthur M. Wickwire and Daniel W. Blumenthal, both of New York City, and Arthur Berenson, of Boston, Mass., on the brief), for appellants.

John F. Bowie, of New York City, for appellees.

Charles W. Waterman, of Denver, Colo., for appellee Denver & Rio Grande Western Railroad Co.

Before KENYON, Circuit Judge, and POLLOCK and VAN VALKENBURGH, District Judges.

PER CURIAM. December 17, 1920, appellants filed bill in the United States District Court for the District of Colorado against the Equitable Trust Company of New York as trustee, the Denver & Rio Grande Railroad Company, Western Pacific Railway Company, Western Pacific Railroad Company, Western Pacific Railroad Corporation, Denver & Rio Grande Western Railroad Company, John F. Bowie, John B. Marsh, and Ralph M. Arkush. The bill was styled

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on its face "ancillary action" and was numbered, "No. 7112." The bill bore the same title as a suit then pending in the Colorado court, to wit: "Equitable Trust Company of New York as Trustee, Intervener and Substituted Plaintiff, v. Denver & Rio Grande Railroad Company, Defendant." With the exception of the title and the words "ancillary action," this bill of complaint is practically identical with one filed on the same day against the same defendants, and which is on the docket of the Colorado court as No. 7113, now in this court on appeal as No. 5934, 286 Fed. 886, opinion, in the same this day filed.

The Denver & Rio Grande Railroad Company and the Denver & Rio Grande Western Railroad Company were served with process. January 6, 1921, the Denver & Rio Grande Railroad Company filed motion to quash the service. On January 8, 1921, the Denver & Rio Grande Western Railroad Company filed motion to dismiss the bill. March 26, 1921, appellants gave notice of motion asking permission to file an amended bill, and also that the suit be made ancillary to the original suit in equity wherein the Equitable Trust Company of New York, as trustee, is intervener and substituted plaintiff, and the Denver & Rio Grande Railroad Company is defendant. This application was denied March 26, 1921. On the same date application that the receiver appointed in No. 6782 be made defendant was denied; likewise the application for an injunction pendente lite and the application for leave to file an amended bill, the trial court holding that, if motion for leave to file the amended bill was granted, it would give to appellants the status of interveners in the receivership case, No. 6782. After these various applications of appellants had been denied by the court, the Denver & Rio Grande Western Railroad Company on March 26, 1921, filed motion to strike the bill of complaint from the files and dismiss the case, on the ground that the bill was filed and suit commenced without the consent or leave of the court first had and obtained; and, second, that it appeared upon the face of the bill that the court had no jurisdiction of the subject-matter. This motion was sustained April 2, 1921.

[1] Appellants rely on two assignments of error (others being withdrawn in their brief): First, refusal to permit appellants to file their amended bill; second, the entry of order striking the original bill from the files and dismissing it. These in their order. At the time the application was made to file the amended and supplemental bill, a motion was on file on the part of the Denver & Rio Grande Western Railroad Company to dismiss the bill. It should be stated that the amended bill endeavored to bring in a new party defendant, the receiver of the Denver Company. Under this condition of the record, the Denver & Rio Grande Western Railroad Company having filed a motion directed to the merits of the bill, and not having consented to the filing of the amended bill, it was in the discretion of the court whether permission should be granted to file the amended bill, and unless gross abuse is shown such action of the court is not reviewable here. Under all the circumstances of this litigation, which we have reviewed to some extent in cases No. 6002, 286 Fed. 878, and No. 5934, 286 Fed. 886, opinions this day filed, we are satisfied there was no abuse of discre-

tion on the part of the court in its refusal to permit filing the amended bill.

[2] As to the complaint relative to striking the original bill from the files and dismissing it, it is claimed by appellants that the bill was docketed as No. 7112 and was an original cause of action, and' that all the proceedings in court had been under that number; that, notwithstanding the bill as filed was entitled the same as the original suit, known as No. 6782, and had the words "ancillary action," said action was in fact an original and independent one, and not ancillary. However the cause may have been known as to docket number, we cannot close our eyes to the self-evident fact that the bill was not intended as an original and independent suit; that, outside of the title and the words "ancillary action," the complaint was identical with the complaint filed on the same date, known as suit No. 7113, and in this court upon appeal as No. 5934. Unless the action was intended to be an ancillary one, we cannot conceive why two bills should be filed in the same court, at the same time, between the same parties, covering the same matters, and asking identical relief. Further, appellants endeavored by motion March 26, 1921, to have said suit instituted by James L. Beers et al. filed in and made ancillary to and a part of the original suit in equity wherein the Equitable Trust Company of New York, as, trustee, was intervener and substituted plaintiff, and the Denver & Rio Grande Railroad Company was defendant. What would be the purpose of any such motion, if the suit was in fact an original and independent one? Clearly it was the purpose of appellants to make the bill of complaint ancillary to the original equity action, thus giving to plaintiffs (appellants) the status of interveners therein, and not to bring it as a separate and independent action. Of course, if it was an independent and original action, it could be brought without consent upon the part of the court; but, as the court found, and correctly, we think, that it was in fact ancillary to No. 6782, and an attempt to make the appellants parties in that action, it could not be filed without leave of the court.

[3] On January 8, 1921, the Denver & Rio Grande Western Railroad Company filed motion to dismiss the original bill of complaint; one of the grounds being that the bill was wholly without equity. It does not appear that the court passed upon that motion in this case, but dismissed the cause on the motion filed March 26, 1921, which motion did not raise the question of the bill's lack of equity. However, if the bill should have been dismissed for want of equity, and if the court dismissed it on another ground, as apparently was done, it would avail appellants nothing. The questions involved on the merits have been discussed in cases No. 6003 and No. 5934, opinions this day filed, and the conclusions reached in those cases are determinative of the issue of merit in the bill in this case. The bill is, in the judgment of this court, without equity, and should have been dismissed on that ground, if for no other.

The judgment and order of the trial court is affirmed.