## BEERS et al. v. DENVER & R. G. W. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 15, 1923.)

No. 5934.

1. **Judgment ⬳701—Against corporation conclusive as to stockholders, in absence of fraud.**

A judgment against a railroad company is conclusive against its stockholders, and in the absence of extraneous or collateral fraud the stockholders are estopped from maintaining a suit in another court in avoidance of such judgment.

2. **Judgment ⬳713(2)—Decree against railroad company binding on its stockholders as to matters which might have been litigated.**

The question of invalidity of transactions between railroad companies and financial corporations, because of interlocking directorates, being one that should be raised in litigation between the complainant trust company and the defendant railroad company, the adjudication of all issues against the railroad company is binding on its stockholders, and such question cannot be urged in an attempt by the stockholders to prevent confirmation of receivership sale of the railroad properties, in the absence of extraneous or collateral fraud.

3. **Appeal and error ⬳959(2)—Equity ⬳297—Refusal of leave to file amended bill in equity discretionary and not reviewable, unless gross abuse of disoretion shown.**

Where a motion to dismiss an original bill in equity is pending, the grant or refusal of leave to complainant to file an amended and supplemented bill is discretionary with the court, and its determination is not reviewable, unless gross abuse of such discretion is shown.

4. **Equity ⬳297—Leave to file supplemental bill in equity properly denied.**

While in the interest of justice a court will ordinarily permit the filing of an amended and supplemental bill in equity, yet, where intervention is sought to prevent the confirmation of a receivership sale of railroad property, which, in the light of the history of prior litigation, and in view of the binding effect of judgments sought to be avoided, would be futile, there was no abuse of discretion in refusing such leave.

Appeal from the District Court of the United States for the District of Colorado.

Bill in equity by James L. Beers and others, stockholders of the Denver & Rio Grande Railroad Company, against the Denver & Rio Grande Western Railroad Company and others. From an order denying complainants' motion for leave to file an amended and supplemental petition in equity, and sustaining defendants' motion to dismiss the original bill, complainants appeal. Affirmed.

John Lee Webster, of Omaha, Neb. (Arthur M. Wickwire and Daniel W. Blumenthal, both of New York City, and Arthur Berenson, of Boston, Mass., on the brief), for appellants.

John F. Bowie, of New York City, for appellees.

Charles W. Waterman, of Denver, Colo., for appellee Denver & Rio Grande Western Railroad Co.

Before KENYON, Circuit Judge, and POLLOCK and VAN VALKENBURGH, District Judges.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM.  This is a companion case to No. 6002, 286 Fed. 778, and No. 6003, 286 Fed. 883, opinions in which are this day filed.

Appellants, on December 17, 1920, as stockholders of the Denver & Rio Grande Railroad Company filed bill in equity in the District Court of the United States for the District of Colorado against the Equitable Trust Company of New York, as trustee, and the Denver & Rio Grande Railroad Company, Western Pacific Railway Company, Western Pacific Railroad Company, Western Pacific Railroad Corporation, Denver & Rio Grande Western Railroad Company, John F. Bowie, John B. Marsh, and Ralph M. Arkush, asking an accounting as to property and funds of the Denver & Rio Grande Railroad Company (commonly and herein called the Denver Company), which they allege had been taken and misappropriated through connivance of interlocking directorates; also the ascertainment of damages which the stockholders had sustained by reason of said acts, and for general relief.

On the 8th of January, 1921, the Denver & Rio Grande Western Railroad Company entered its appearance and filed motion to dismiss plaintiffs' bill of complaint, setting forth a number of reasons therefor.  Before such motion was passed upon by the court, appellants on July 16, 1921, moved for leave to file amended and supplemental complaint which is duly set forth in the record.  On July 21, 1921, the court denied the motion for leave to file an amended and supplemental petition in equity and at the same time sustained the motion of the Denver & Rio Grande Western Railroad Company to dismiss plaintiffs' original bill.

A complete history of the litigation leading up to these cases is found in a decision of this court.  Levy et al. v. Equitable Trust Co. et al., 271 Fed. 49.  It would be useless to again review this complicated series of transactions, and we content ourselves as to the historical situation by reference to said case.

However this case may be designated, it is an attempt to overcome the effect of numerous estoppels and to continue litigation already long drawn out, and that should for the best interests of all parties, be concluded.  Whatever the case may be called, in whatever guise the question may appear, the fundamental of it all is an attack on the judgment against the Denver Company rendered in the Southern district of New York on the 14th day of June, 1917, in a suit brought by the Trust Company against the Denver Company, which judgment subsequently was the basis of the suit in the United States District Court of Colorado, where judgment was obtained against the Denver Company for approximately $36,000,000, representing the amount of the New York judgment and interest, less proceeds derived from sales of property under execution.

Counsel for appellants contend that this not an attack on the New York judgment; that appellants are not seeking to set aside said judgment, but are asking an avoidance of acts done or to be performed over which the United States District Court for the District of Colorado has jurisdiction, and contend that it is within the province of the Colorado court to set aside the judgment there rendered, the appoint-

ment of a master, and the sale of the properties of the Denver Company. The Colorado court was required, as a matter of law, to recognize the New York judgment and to grant the necessary process to make it effective. This it did. The argument presented, while not going to the extent of claiming that a court could set a judgment aside where there had been jurisdiction both of the parties and of the subject-matter, does insist that the court should have no hesitancy in avoiding such judgment. We see no difference in the practical working out of the question between avoiding the judgment or setting it aside.

[1] The New York judgment, as we have pointed out in the opinion in No. 6002 (this day filed) was based upon what is known as contract B, under the terms of which the Denver & Rio Grande Companies had agreed to take care of certain deficiencies of the Western Pacific Railway Company. This judgment is as conclusive against the stockholders as it is against the Denver Company, which represented the stockholders in the New York suit. The Denver Company, of which appellants are stockholders, is now estopped from making any defense as to the New York judgment that it could have made in that suit when tried, barring the question of extraneous or collateral fraud. Hence the stockholders, appellants here, are estopped from maintaining a suit in the Colorado court which practically amounts to a suit for the voidance of the New York judgment, without pleading extraneous or collateral fraud as to the New York case. Levy et al. v. Equitable Trust Co. et al. (C. C. A.) 271 Fed. 49; Equitable Trust Co. v. Denver & Rio Grande R. R. Co. (D. C.) 269 Fed. 987; Farmers' Loan & Trust Co. v. Kansas City Co. (C. C.) 53 Fed. 182, 186; U. S. v. Throckmorton, 98 U. S. 61, 68, 69, 25 L. Ed. 93; Greenameyer v. Coate, 212 U. S. 434, 444, 445, 29 Sup. Ct. 345, 53 L. Ed. 587; Vance v. Burbank, 101 U. S. 514, 519, 25 L. Ed. 929.

The vital point in this case and the two companion cases is the attack on the New York judgment. It avails nothing to claim otherwise. It is the rock upon which the waves of subsequent action continually break. If there was extraneous fraud as to the New York case, then the judgment could, of course, be attacked; but such fraud is only suggested by innuendo. There is no direct allegation that the New York judgment was secured by fraud. Counsel in oral argument was not willing to so claim, nor is there a direct allegation that contract B was entered into through fraud. If the stockholders believe and can prove that there was fraud extrinsic or collateral to the New York judgment, and if they are not barred by laches, why do they not in the proper forum attack that judgment, not as a matter of innuendo, or by the pleading of mere conclusions, but by setting forth squarely the facts and circumstances constituting the alleged fraud? As long as that judgment stands, it would seem that the stockholders were in these numerous cases incurring needless expense in pursuit of a mere will-o'-the-wisp.

[2] Continual reference is made in brief and argument on the part of appellants to the question of interlocking directorates of the respective railroad companies, the Equitable Trust Company and the Denver & Rio Grande Railroad Company, and the presumptions arising

therefrom. If these questions were not presented at the time the New York case was tried and judgment secured they could have been presented. It is conceded that counsel representing the Denver Company in that matter were able and that their integrity is beyond question. Speaking of this matter, Judge Hook in Levy et al. v. Equitable Trust Co. et al. (C. C. A.) 271 Fed. 49, 57, said:

"On the contrary, it appears that the case for the Denver in the court in New York and on appeal to the Circuit Court of Appeals was in charge of independent counsel of great ability and reputation, not affected by the influences alleged to have controlled the prior corporate actions of the Denver. The reported opinions of those courts show that almost every conceivable defense to the demand of the Trust Company was urged, other than that now asserted by the petitioners, the proof as to which we have already considered. There was hardly a suggestion at the hearing below that the counsel was not able and faithful."

It has been determined by the Circuit Court of Appeals of the Second Circuit and also by this court that the claim of the Trust Company is valid, regardless of the question of interlocking directorates. We have frequently referred to the opinion in the Levy Case, 271 Fed. 49. The facts set forth as basis of the claim of intervention there are practically the same as are presented as a cause of action in the complaint here. The very acts and identical transactions upon which the stockholders (appellants) now base this case were the basis of that one. The court there decided practically all of the questions raised here, and the decision in that case, if not binding on this court, is certainly very persuasive.

[3, 4] The amended and supplemental bill contains some matters not set forth in the original bill, but it contains practically all of the conclusions of said bill. Before appellants attempted to secure leave to file their amended and supplemental bill, the Denver & Rio Grande Western Railroad Company filed motion to dismiss the original bill. There was no absolute right under these circumstances in the appellants to file the amended and supplemental bill, as the Denver & Rio Grande Western Railroad Company had not consented thereto, and it was a discretionary matter with the court whether permission should be granted to file the same. That decision of the court is not reviewable here, unless gross abuse is shown. Liebing v. Matthews, 216 Fed. 1, 11, 132 C. C. A. 245; Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086; Hartley v. Lapidus Co., 216 Fed. 92–96, 132 C. C. A. 336; Montana Co. v. St. Louis Co., 147 Fed. 897, 906, 78 C. C. A. 33; Sawyer v. Piper, 189 U. S. 154, 157, 23 Sup. Ct. 633, 47 L. Ed. 757; National Bank of Bakersfield v. Moore, 247 Fed. 913, 920, 160 C. C. A. 103; General Inv. Co. v. Lake Shore Co., 250 Fed. 160, 177, 162 C. C. A. 296; Berliner Co. v. Seaman, 113 Fed. 754, 51 C. C. A. 440. In the interest of justice a court ordinarily would permit the filing of a supplemental bill. However, in the light of the history of this litigation, and in view of the New York and Colorado judgments, also the length of time that had elapsed without effort made to set aside the New York judgment, and in view of the decision

of this court in the Levy Case, there was no abuse of discretion on the part of the court in attempting to bring futile litigation to an end by refusing permission to file the supplemental bill.

Other questions are raised which we do not consider necessary to discuss. We are satisfied there was no error on the part of the court in refusing permission to file the supplemental bill or in sustaining the motion to dismiss the original bill. Its decision with reference thereto is

Affirmed.