NATIONAL AUTOMATIC MACH. CO. v. AUTOMATIC WEIGHING, LIFTING & GRIP MACH. CO. et al.

(Circuit Court of Appeals, First Circuit. January.17, 1901.)

No. 346.

APPEAL—INTERLOCUTORY ORDER.
  Under the statute creating circuit courts of appeals, as amended by Act June 6, 1900 (31 Stat. 660), no appeal lies to such courts from interlocutory orders denying injunctions, even in cases in which a right of appeal existed at the time the amendment went into effect.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

A. Parker Smith, for appellant.

J. Lewis Stackpole, Jr. (Frederick P. Fish and William K. Richardson, on the brief), for appellees.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PER CURIAM. This was an appeal by the complainant from so much of an interlocutory decree in the court below, entered after hearing on bill, answer, and proofs, as refused an injunction asked for by it. The appellee has moved this court to dismiss the appeal on the ground that since the passage of the act approved on June 6, 1900, c. 803 (31 Stat. 660), we have no jurisdiction of the subject-matter. The circuit courts of appeals in two circuits have decided that this act abrogated the provisions of law giving us jurisdiction in appeals of this character. Wire Co. v. Boyce (C. C. A.) 104 Fed. 172; Westinghouse Air-Brake Co. v. Christensen Engineering Co. (C. C. A.) 104 Fed. 622. We see no reason why we should not concur in the conclusions reached by those courts. In the present case, however, the interlocutory decree in the court below was entered on May 31, 1900; and the appellant contends that, inasmuch as the act of June 6th contains no express repeal of any previous statute, it is not to be construed to reach cases where a right of appeal existed at the time it went into effect. A careful examination of the numerous decisions of the supreme court bearing on this question

fails to disclose anything which justifies us in assenting to any distinction of this character, and we must hold that we have no jurisdiction in this case. The appeal is dismissed, without prejudice to a new appeal after a final decree is entered in the court below, and without costs, except the appellees' costs on their motion to dismiss.