## BERLINER GRAMOPHONE CO. v. SEAMAN.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 412.

1. EQUITY—DISMISSAL OF BILL BY APPELLATE COURT—EFFECT OF PRIOR AMENDMENT.

After the granting of a preliminary injunction by a circuit court, complainant, by leave of court, filed an amended and supplemental bill. Defendant afterwards appealed from the order granting the injunction, but the record on appeal did not show the amended bill, nor was it called to the attention of the circuit court of appeals. That court, on the hearing, ordered the dismissal of the bill. *Held*, that on the filing of the amended and supplemental bill such bill, together with the original bill, constituted one pleading and one record, and that the order of the appellate court, having been made upon a defective record, did not operate to dismiss the bill as amended.

2. APPEAL—REVIEW—ALLOWING AMENDMENT OF PLEADINGS.

The granting of leave to file an amended and supplemental bill is a matter within the discretion of the court, and its action will not be reviewed in an appellate court unless there has been a gross abuse of this discretion.

3. EQUITY—GROUNDS OF JURISDICTION—SUFFICIENCY OF BILL.

A bill in equity, which alleges that the parties entered into a contract, the performance of which was to extend over a term of years, and that defendant, which is a corporation, has conspired with others to take such action as will render it impossible to perform the contract on its part, and will also render it insolvent, for the purpose of defeating the rights of complainant, states grounds for equitable relief, and is not demurrable.

4. SAME—RETENTION OF JURISDICTION ACQUIRED—ENJOINING ACTION AT LAW.

A court of equity which has rightfully taken jurisdiction of a controversy and has all the parties before it will retain such jurisdiction to grant full relief, and may enjoin the institution and prosecution of an action at law by one of the parties in any other court involving the matters in controversy before it.

5. APPEAL—APPEALABLE ORDERS—REFUSING TO DISSOLVE INJUNCTION.

Under Act Cong. June 6, 1900 (31 Stat. 660), an interlocutory order of a federal court refusing to dissolve an injunction is not appealable.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

See 108 Fed. 714.

Wm. Gordon Robertson and Marshall McCormick (Albert B. Weimer and Frederick M. Leonard, on the briefs), for appellant.

John T. Harris and Waldo G. Morse, for appellee.

Before SIMONTON, Circuit Judge, and JACKSON and PURNELL, District Judges.

SIMONTON, Circuit Judge. This case comes up again by appeal from an order of the circuit court of the United States for the Western district of Virginia granting a temporary injunction on the filing of an amended and supplemental bill. The case has been in this court on appeal from an order of the same court granting a temporary injunction upon an original bill. The appeal was heard May 18, 1901,

opinion filed in July, 1901 (110 Fed. 30), and by the mandate the injunction was dissolved, and the case was remanded to the circuit court, with instructions to dismiss the bill. It seems, however, that pending this appeal, and before citation issued or served, before the record was filed in this court, the court below, on application of complainant, had permitted an amended supplemental bill to be filed. The petition for leave to file this amended supplemental bill was filed October 17, 1900, whilst the court had the question as to the injunction on the original bill under consideration. On December 3, 1900, leave was given to file the amended supplemental bill after argument by counsel on both sides. The supplemental bill was filed December 7th following. The defendant filed demurrer to the whole bill January 7, 1901. This was set down for argument, and in the order it was provided that, as soon as the demurrer shall have been passed upon, the defendant shall have leave to plead or answer thereto, as he may be advised, in accordance with the equity rules. On March 23, 1901, argument was had on the demurrer, and it was overruled. Thereupon, by leave of the court, the defendant filed its answer. The complainant thereupon moved the court for a temporary injunction on the prayers of his bill. The court on the same day granted the motion so far as the fifth prayer was concerned, to wit, restraining the defendant from prosecuting an action at law brought by it against the complainant in the circuit court of the United States for the Southern district of New York, praying damages against him for breach of the contract, the subject-matter of this suit in equity. A decision upon the other prayers of the complainant was reserved. Thereupon the defendant was allowed an appeal on May 4, 1901, on assignments of error filed that day, and the case is here.

In advance of the discussion of the assignments of error, the defendant in the court below (appellant here) contends that the dismissal of the original bill carries with it the dismissal of this amended and supplemental bill. As has been said, nothing appeared on the record, and no mention was made in the argument of the first case, of the leave to file a supplemental bill and the orders thereon immediately following the decree appealed from, all filed before that appeal was finally completed. If such facts had appeared, it is more than probable that this court would have postponed the hearing of the appeal. The question now is, does this dismissal of the original bill operate as a dismissal of all proceedings subsequent to the date of the order appealed from in the first case? The motion for leave to file an amended and supplemental bill was an admission by complainant that the original bill was defective in important particulars, and the action of the court in granting leave to file the amended and supplemental bill was a recognition of this position. So, when the cause was heard here, it was not the case made below, but on a condition of the case admitted on all sides to be defective, and with its defects cured so far as the court below was concerned. Apart from any authority, it would seem that on principle the decision of this court upon a defective presentation of the case should not be conclusive of it in all respects. An amended bill is a continuation of the original bill, and forms a part of it. The original and amended bills constitute one pleading and

one record. 1 Daniell, Ch. Pl. & Prac. p. 402, c. 6, § 7.   If they constitute one record, then everything in the amended bill and supplemental bill has as much claim upon the attention of the court as anything in the original bill.   The real record is the amended and supplemental bill with the original bill, and they, amalgamated, constitute the case of complainant.   In other words, the court no longer looks into the original bill to ascertain the character of relief sought, but to the new record, made up of the original and the amended and supplemental bills, and deals exclusively with that.   This is shown by the illustration Mr. Daniell gives to the rule just quoted from him.   "When," says he, "an original bill has been fully answered, and amendments are afterwards made, to which defendant does not answer, the whole record may be taken pro confesso generally, and an order to take the bill pro confesso as to the amendments only will be irregular."   Daniell's doctrine on this subject is followed in French v. Hay, 22 Wall. 246, 22 L. Ed. 854; Phosphate Co. v. Brown, 20 C. C. A. 428, 74 Fed. 323, 42 U. S. App. 57; Miller v. McIntyre, 6 Pet. 62, 8 L. Ed. 320.   It is clear that at the time these parties were heard in this court upon the original bill the controversy between them was no longer presented by the original bill, but was contained in a record made up of the original bill and the amended and supplemental bills.   So the dismissal of the original bill did not work a dismissal of the controversy.

The case before this court now has not gone to final judgment.   It comes up on an interlocutory order, the granting of an injunction. If the court below had jurisdiction of the cause appearing in this record, the only question which we can consider is, was the temporary injunction providently issued?   The gravamen of the new record made in the amalgamation of the original and amended and supplemental bills is a contract between the complainant and the defendant, whereby the defendant, being in control of the manufacture and sale of all gramophones and gramophone goods under the Berliner patent, contracted with the complainant to give him the exclusive agency for the sale of such goods in nearly every part of the United States, he fulfilling certain covenants on his part; that, this agreement being in existence, the defendant had entered into a conspiracy with another corporation and certain persons, whereby all control of the patented articles was put out of its power, so that it could not fulfill any of the terms of its contract, and to this end it has served on complainant a notice of cancellation of the contract, which, however, is entirely insufficient both in law and equity, and not in conformance to or in compliance with the terms of the contract; and in pursuance of the same purpose, and carrying out its conspiracy with the United States Gramophone Company, from whom defendant derives its rights in said gramophone invention, the last-named company has declared its contract with defendant company canceled, which notice, however, is collusive and fraudulent, and intended to operate to the prejudice of complainant, not properly given and not justified by the terms of the contract; and that this United States Gramophone Company and the other parties in the conspiracy are without the jurisdiction of the court; that this action on the part of defendant renders it insolvent, and deprives the complainant of all hope of relief.   It, in effect, delays, hinders, and defeats

him.  That portion of the bill with which this appeal is concerned is with respect to a suit instituted by the defendant against this complainant in the circuit court of the United States for the Southern district of New York, involving precisely the same issues as were made in the court below, and on precisely the same points which that court then had under advisement.  As has been stated, the court below granted the temporary injunction on the fifth prayer for relief, reserving the others.  This fifth prayer is in these words:

"That the said defendant, the Berliner Gramophone Company, its officers and attorneys, may be enjoined and restrained from in anywise prosecuting, conducting, or carrying forward in any manner whatsoever until after the final hearing and determination of the issues, matters, things, and questions whatsoever joined, raised, or presented in this action, said action at law, brought by it against your orator."

To this bill the defendant demurred, and, the demurrer being overruled, it at once filed an answer.  The answer being in, and on the motion for a temporary injunction evidently being read as an affidavit, the court made this order:

"And thereupon the plaintiff, by counsel, moved the court for the injunction prayed for in the first, second, and fifth prayers of said amended and supplemental bill.  Upon consideration whereof the court doth order, adjudge, and decree that the defendant, the Berliner Gramophone Company, its officers, agents, and attorneys, be, and the same are hereby, enjoined and restrained, until the further order of this court, and, preceding the determination of this cause, from in any wise further prosecuting, conducting, or carrying forward in any manner whatsoever any and all of the matters, things, and questions whatsoever joined in this suit in the action at law instituted by the defendant, the Berliner Gramophone Company, against the plaintiff, Frank Seaman, in the United States circuit court for the Southern district of New York, on the law side thereof, on the 23d day of October, 1900.  But this injunction order shall not take effect unless and until the said plaintiff or some one for him shall execute bond, payable to the said defendant, conditioned according to law, to be approved by the court, in the penalty of fifteen hundred dollars.  And as to the granting of the injunction prayed for in the first and second prayers of said bill the court takes time to consider.  And thereupon the defendant moved the court to dissolve the said injunction herein awarded upon the record of this cause, which motion the court doth overrule."

The defendant files four assignments of error:  (1) It is assigned as error that the court should not have granted leave to file the amended supplemental bill, upon which said decree was based.  (2) It is assigned as error that the court overruled the demurrer of the defendant to said bill.  (3) It is error on the part of the court to award the injunction contained in the decree of March 23, 1901, because the action mentioned in the proceedings as having been instituted in the state of New York was instituted for the purpose of obtaining from the plaintiff damages from an alleged breach of the contract between the parties, and was in the nature of a counterclaim or set-off, and was not being litigated in the above cause, no question being raised by the pleadings as to what damages the defendant suffered and none being claimed by it in this proceeding.  (4) It is assigned as error that the court overruled the motion of the defendant to dissolve the injunction awarded by said decree of March 23, 1901, for the same reasons that are set forth in the foregoing assignment of error.

113 F.—48

1. The granting leave to file an amended and supplemental bill is within the discretion of the court. Railroad Co. v. Newman, 23 C. C. A. 459, 77 Fed. 791. 'The granting or refusing leave to file an amended bill or plea is a matter within the discretion of the trial court, and will not be reviewed in an appellate court unless there has been gross abuse of this discretion. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800; Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453, 34 L. Ed. 1086; Marco v. Hicklin, 6 C. C. A. 13, 56 Fed. 549. As a general rule, matters resting in the discretion of the court below cannot be re-examined in the appellate court. Cheang-Kee v. U. S., 3 Wall. 320, 18 L. Ed. 72. In the case at bar the court exercised its discretion after careful examination. A petition was filed asking leave to file the amended and supplemental bill. Notice was given. A day was fixed for the hearing, and full discussion was had. After this the decision of the court was made. We see no abuse of discretion in the court. "All that the court inquires into in such an application is whether probable cause exists for granting leave, and whether the application states facts and circumstances which, if properly pleaded, would sustain a supplemental bill or an original bill in the nature of a supplemental bill. The practice in the circuit courts touching applications under the rule for leave to file supplemental bills is liberal toward the applicant, and upon such application the court will not proceed to try the cause, nor to determine questions which may never appropriately be raised by demurrer to the bill when filed." Bates, Fed. Eq. Proc. § 637

2. Was it error to overrule the demurrer of defendant to the bill? The demurrer admits the facts stated in the bill. These facts complainant states were only discovered at the first hearing, and many of these have accrued since that hearing. These statements as to these facts have been set out above. If they be true, there is certainly ground for filing the bill and for an investigation of the facts as stated, and for relief therein. They are of an equitable character and go to sustain the jurisdiction of the court.

3. The third assignment of error goes to the injunction restraining the defendant from proceeding in its action at law in the Second circuit. The court below had taken jurisdiction of all matters in controversy between the complainant and defendant, and was proceeding to adjust the equities between them. It claimed to have entire jurisdiction over the whole controversy, and to afford relief. After this decision was made, and whilst it was still operative, the defendant went into a court of law, and, upon the same facts and circumstances set out in pleadings in the cause in the court below, sought relief in this law court. The complainant was thus compelled not only to go into another jurisdiction to try points at issue below, but also to go into the jurisdiction of a law court in which he could not avail himself of his equities. Under these circumstances the court below enjoined him. It is a familiar principle that when a court of equity has taken jurisdiction of a controversy and has all the parties before it, it proceeds to give full relief, and it can enjoin any proceedings in any other court touching the matters in controversy be-

fore it. Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538.

4. The fourth assignment of error is that the court overruled the motion of defendant to dissolve the injunction awarded by the decree March 23, 1901, for the reasons set forth in the other assignments of error. Under Act Cong. June 6, 1900 (31 Stat. 660), this court no longer can entertain an appeal from an interlocutory decree refusing to dissolve an injunction. Westinghouse Air-Brake Co. v. Christensen Engineering Co., 44 C. C. A. 92, 104 Fed. 622; Wire Co. v. Boyce, 44 C. C. A. 588, 104 Fed. 173; National Automatic Mach. Co. v. Automatic Weighing, Lifting & Grip Mach. Co., 44 C. C. A. 664, 105 Fed. 670; Heinze v. Mining Co., 46 C. C. A. 219, 107 Fed. 165; Rowan v. Ide, 46 C. C. A. 214, 107 Fed. 161.

The decree of the circuit court granting the injunction is affirmed.