## ROSEMARY MFG. CO. v. HALIFAX COTTON MILLS, Inc.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

No. 1755.

Equity ☞297—Granting or refusing leave to file supplemental bill discretionary.

Granting or refusing leave to file a supplemental bill is usually in the discretion of the trial court, and where its order refusing such leave is not an adjudication of the merits, but leaves it open to complainant to obtain such adjudication by a new bill, it will not be reversed by the appellate court.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Suit by the Rosemary Manufacturing Company against the Halifax Cotton Mills, Incorporated. From an order refusing leave to file supplemental bill, complainant appeals. Affirmed.

W. W. Dodge, of Washington, D. C. (Robert Fletcher Rogers, of New York City, and Caskie & Caskie, of Lynchburg, Va., on the brief), for appellant.

Melville Church, of Washington, D. C., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. Plaintiff appeals from an order of the District Court refusing leave to file a supplemental bill. The suit is for infringement of reissued patent No. 12159; the claim being in substance for a combination of Jacquard mechanism with a power loom. The decree of the District Court holding the patent invalid was affirmed by this court (257 Fed. 321, 168 C. C. A. 405), for the reason that the claim was for any combination, and not for a specific combination invented by the patentee. Thereafter the plaintiff as owner of the patent entered a disclaimer of "combination, however effected," and of the three claims in the original patent, except when the combination embodied certain specific features set out; the combination actually worked out by Paterson, the patentee. Thereupon plaintiff filed his petition in this court, setting out the disclaimer, and asking, among other things, leave to file a supplemental bill in the District Court. In response to this petition the court by order gave permission to plaintiff to apply to the District Court for leave to file a

supplemental bill, and authorized the District Court to entertain the petition and permit the cause to go to trial thereon. The District Court refused the application for leave to file the supplemental bill, saying its refusal was "mainly because of its belief that the accomplishment of plaintiff's assignor [the patentee] does not show invention."

Granting or refusing leave to file a supplemental bill is usually in the discretion of the trial court, and not reversible on appeal, except for abuse of discretion. Mexican Central Railway Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; Berliner Gramophone Co. v. Seaman, 113 Fed. 750, 51 C. C. A. 440. The trial court will be considered to have abused its discretion when the appellate court is clear in its conviction that the action of the trial court was based on a material error of law, or will result in denial of a fair trial in a matter of consequence for which the moving party can have no adequate redress in another proceeding.

If the District Court in the case before us had refused to allow the supplemental bill to be filed solely on the ground that the device in the suit did not show invention, and the plaintiff had no other remedy, we think the order would be appealable. It is not appealable, because there is a clear implication in the order that there were other reasons for the refusal, and because the plaintiff has filed a new bill setting up the patent under which its rights may be as fully asserted as under the proposed supplemental bill. In this view the mere statement in the order that the main reason of the District Court for refusing the motion was that the patent as presented in the supplemental bill does not show invention is not an adjudication of that point or of the merits in any respect.

Affirmed.