## GENERAL ELECTRIC CO. v. NITROGON ELECTRIC CO.

(District Court, D. New Jersey.   March 22, 1923.)

1. Patents ⚬=297(2)—Validity of adjudicated patent assumed on motion for preliminary injunction.

In general where the validity of a patent has been sustained on final hearing in a contested case, the question of its validity is not in issue on a motion for preliminary injunction in another suit, though there may be an exception where a new defense is presented, but in such case the evidence in its support must be such as to impress the court with the conviction that if it had been presented and considered in the former case it would probably have availed to a contrary conclusion.

2. Patents ⚬=53—Experimentation without practical results not anticipation of later patent to another.

Experimentation which resulted in nothing practical, though along the same lines, cannot defeat a later patent to another.

3. Patents ⚬=289—Laches which will bar infringement suit stated.

Laches which will bar a complainant from asserting a clear legal right against an infringer must be of such nature and kind as to amount to more than a mere failure to assert such right in a court of law.

4. Patents ⚬=289—Suit for infringement held not barred by laches.

Mere delay in bringing suit against an infringer *held* not such laches as to bar the right to a preliminary injunction, where complainant was diligently prosecuting other suits in which the validity of its patent was denied, and where defendant was at all times informed of the patent and the rights claimed thereunder.

5. Patents ⚬=328—Preliminary injunction granted against infringement of 1,-180,159 for incandescent lamp.

Preliminary injunction granted against infringement of the Langmuir patent, No. 1,180,159, for an incandescent lamp.

⚬=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

In Equity. Suit by the General Electric Company against the Nitrogon Electric Company. On motion for preliminary injunction. Granted.

Frederick P. Fish, of Boston, Mass., Hubert Howson, of New York City, and Albert G. Davis and Alexander D. Lunt, both of Schenectady, N. Y., for plaintiff.

Duell, Warfield & Duell, of New York City (F. P. Warfield and L. A. Watson, both of New York City, of counsel), for defendant.

BODINE, District Judge. The present is an application for a preliminary injunction to restrain the defendant from infringing United States letters patent No. 1,180,159 issued to Irving Langmuir April 18, 1916.

This patent was upheld in General Electric Co. v. Nitro-Tungsten Lamp Co. (October 27, 1919 [D. C.]) 261 Fed. 606 (opinion by Judge Mayer), affirmed June 2, 1920 (C. C. A.) 266 Fed. 994 (opinion by Judge Hough); General Electric Co. v. Continental Lamp Co. (C. C. A.) 280 Fed. 846, April 3, 1922 (opinion by Judge Manton); General Electric Co. v. Alexander et al. (October 29, 1921 [D. C.]) 277 Fed. 290 (opinion by Judge Mayer), affirmed April 10, 1922 (C. C. A.) 280 Fed. 852 (opinion by Judge Hough). The corresponding British patent was upheld by the House of Lords in British Thomson-Houston Co., Ltd., v. Corona Lamp Works, Limited, decided December 19, 1921, and a preliminary injunction was granted in this court in the suit of General Electric Co. v. Incandescent Products Corporation (D. C.) 280 Fed. 856.

[1] The rule of law applicable to the present application, as stated by Judge Putman in Bresnahan v. Tripp, 72 Fed. 920, 19 C. C. A. 237, has never been better stated than by the Circuit Court of Appeals for the Seventh Circuit in Electric Manufacturing Co. v. Edison Electric Light Co., 61 Fed. 834, 10 C. C. A. 106, etc., as follows:

"It may be difficult to formulate a rule that will comprehend all the conditions which could be presented, but we think it safe to say that in general, where the validity of a patent has been sustained by prior adjudication upon final hearing, and after bona fide and strenuous contest, the matter of its validity upon motion for preliminary injunction is no longer at issue. all defense. except that of infringement, being reserved to the final hearing; subject, however, to the single exception that, where a new defense is interposed, the evidence to support it must be so cogent and persuasive as to impress the court with the conviction that, if it had been presented and considered in the former case, it would probably have availed to a contrary conclusion."

One of the new defenses interposed in the present matter is that Langmuir was not the inventor of the device described in the patent, but that the same was discovered by one Colin G. Fink employed as a research chemist in the laboratory of the General Electric Company at Schenectady prior to Langmuir's employment there, as evidenced by Fink's experimental note book, photostatic copies of which are annexed to the affidavit filed in this suit.

[2] It is interesting to note that Langmuir was not employed by the General Electric Company until nearly a year after Fink had ceased

experimentation with respect to incandescent lamps containing coiled carbon filaments placed in nitrogen gas under pressure. It is also interesting to note that it was some four or five years after Langmuir was employed by the General Electric Company that experimentation with incandescent lamps reached such a point of perfection that he was enabled to apply for the patent in suit. It seems clear to me that whatever Dr. Fink may have done was for no other purpose than that of experimentation. Nothing useful seems to have been accomplished by him. See Smith v. Goodyear, etc., 93 U. S. 486, 498 (23 L. Ed. 952), where the court said:

"The experiments made by George E. Hawes, it must be admitted, closely resembled the process described in the reissued patent to the complainants, * * * but the experiments resulted in nothing practical. * * * In consequence of these and other objections the manufacture was soon abandoned, and it may properly be considered an abandoned experiment."

[3, 4] The defendant further says that it has been in business since 1916; that its business has steadily increased until it has now a shop containing some 24,000 square feet; that its business is six times as great as it was in 1917, and the sales for 1921 were four and a half times the sales for 1917; that since it has been allowed to go on increasing its business, without suit or hindrance, the plaintiff by its laches is barred from obtaining in a court of equity the relief of a preliminary injunction. This assertion overlooks the circumstance that the plaintiff has at all times informed the defendant of its patent and its rights thereunder; that it has successfully terminated, in other jurisdictions as well as in this, litigation upholding the validity of its invention. Further, the laches which will bar a plaintiff from asserting a clear legal right must be of such a nature and kind as amount to more than a mere failure to assert, as against an infringer, a legal right in a court of law.

The following statement by Judge Cross in Valvona-Marchiony Co. v. Marchiony (D. C.) 207 Fed. 380, 386, is pertinent and binding (the italics are mine):

"Mere laches does not usually bar a party, unless under circumstances which work an equitable estoppel against him. No such facts appear in this case. The defendant was repeatedly warned that he had adopted and was using a device which infringed the patent in suit. He thereupon sought the advice of counsel, and apparently in deference thereto made some slight changes in his apparatus, which he thenceforth continued to use. *It is not perceived that he has been misled or induced to pursue any specific course of conduct by any act of the complainant, who on its part has meanwhile, with considerable diligence, pursued other infringers of its patent.*"

[5] The preliminary injunction may issue in accordance with this memorandum. If the defendant desires to continue its business, pending final hearing, it may apply for a stay of the injunction, and upon furnishing adequate security, either by bond or the deposit of its profits in the registry of this court, the injunction will be stayed.