## GENERAL ELECTRIC CO. v. BRITE–LITE LAMP CO., Inc., et al.

(District Court, D. Rhode Island. July 17, 1923.)

No. 166.

**1. Patents ⊚⇒297(2)—Previous adjudications held to establish validity on application for preliminary injunction.**

Where the patent in suit had been involved in nine other cases, in which the question of invention and of the sufficiency of the claims to protect the invention had been thoroughly discussed, the court should dispose, on petition for preliminary injunction, of the objections to the validity of the patent in accordance with the former decisions.

**2. Patents ⊚⇒297(7)—Alleged new matter held not to lessen weight of prior adjudications of validity.**

A claim of new matter of defense, not presented in prior cases which determined the validity of the patent, but which was indefinite in form, and which was briefly dismissed by the court in a prior case, does not lessen the weight of the prior adjudications to sustain the patent on a motion for preliminary injunction.

**3. Patents ⊚⇒303—Evidence held not to show authorized agreement to give license.**

On an application for preliminary injunction to restrain infringement of a patent, evidence *held* not to sustain defendant's claim that plaintiff's authorized agent agreed to give a license for operation under the patent, but to show only preliminary negotiations, which resulted in no binding contract.

**4. Patents ⊚⇒305—Preliminary injunction granted, with suspension on condition pending outcome of other litigation.**

Where it appeared that several preliminary injunctions to restrain infringement of a patent had been suspended, and defendant desired a suspension of the preliminary injunction in the present case, in order to profit by any defenses that may be established in other pending litigation in another circuit, the suspension may be granted on condition that the plaintiff may in the instant case use the record in the other case in its own behalf, if it shall elect to do so.

In Equity. Suit for infringement of a patent by the General Electric Company against the Brite-Lite Lamp Company, Inc., and others. On petition for preliminary injunction. Decree for preliminary injunction and for suspension thereof directed.

Howson & Howson, of New York City, F. P. Fish, of Boston, Mass., and A. G. Davis and A. D. Lunt, both of Schenectady, N. Y., for plaintiff.

O'Shaunessy & Cannon, of Providence, R. I., for defendants.

BROWN, District Judge. In support of its petition for a preliminary injunction against infringement of the Langmuir patent, No. 1,-180,159, dated April 18, 1916, for "incandescent electric lamp," known as the "gas-filled lamp" patent, the following cases in which, as plaintiff, the General Electric Company has secured adjudications of the validity of the patent, are cited: G. E. Co. v. Nitro-Tungsten Lamp Co. (D. C., Southern District of New York) 261 Fed. 606, (U. S. Circuit Ct. of Appeals, 2d Cir.) 266 Fed. 994; G. E. Co. v. Alexander et al. (D. C., Southern District of New York) 277 Fed. 290, (U. S. Circuit Ct. of Appeals, 2d Cir.) 280 Fed. 852; G. E. Co. v. Continental Lamp Works, United Lamp Manufacturers' Corporation (U. S. Circuit Ct.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Appeals, 2d Cir.) 280 Fed. 846; G. E. Co. v. Incandescent Products, Inc. (U. S. Dist. Ct., Dist. of New Jersey) 280 Fed. 856; G. E. Co. v. P. R. Mallory & Co., Inc., Save Electric Corporation (Southern District of New York) 286 Fed. 175; G. E. Co. v. Nitrogen Electric Co. (March 22, 1923, U. S. Dist. Ct., Dist. of New Jersey) 292 Fed. ——; G. E. Co. v. Bedford Lamp Works (June 29, 1923, Eastern District of New York) no opinion filed; G. E. Co. v. Dalite Lamp Co. (July 2, 1923, U. S. Dist. Ct., Dist. of New Jersey) no opinion filed; Judgment of House of Lords, December 19, 1921, British Thomson-Houston Co., Ltd., v. Corona Lamp Wks, Ltd.

[1] A reading of the opinions in these cases shows that the question of invention and the question of the sufficiency of the claims of the patent to protect the invention have been discussed with great thoroughness and with great ability. There remains no doubt that upon this petition for a preliminary injunction this court should dispose of the objections to the validity of the patent in accordance with the former decisions.

[2] The suggestion is made of new matter of defense arising from the work of Dr. Colin F. Fink, now being submitted in a case pending in the Southern District of New York against P. R. Mallory & Co., Inc. This matter, however, has not been submitted to this court in the form of an affidavit by Dr. Fink, or with such definiteness that we can form an opinion of its importance.

Furthermore, this defense was considered by Judge Bodine in the District of New Jersey, in General Elec. Co. v. Nitrogen Electric Co., as appears by a copy of his opinion filed March 22, 1923, and was dismissed with the remark:

"It seems clear to me that whatever Dr. Fink may have done was for no other purpose than that of experimentation. Nothing useful seems to have been accomplished by him. See Smith v. Goodyear, 93 U. S. 486, 498, et seq."

This court is therefore unable to regard this as new matter which can lessen the weight of the prior adjudications that sustain the patent in suit.

[3] The defendant also contends that it should not be enjoined because the plaintiff made with it and other independent lamp manufacturers a contract to grant them a written license. The defendant presents the affidavit of George Coby, president of the defendant Brite-Lite Company, as to interviews between representatives of the plaintiff and independent manufacturers, which it is claimed amounted to an offer to give licenses on condition that they should satisfy those manufacturers already holding licenses, and that this condition was fulfilled. Mr. Coby in the affidavit states that in reliance upon the promise to grant licenses he made disbursements to the amount of $20,-000 in improving the defendant's plant, and that subsequently he was informed that licenses would not be granted.

The plaintiff's affidavits deny the making of such offer, and also the authority of the officer to make such an offer.

Upon an examination of the affidavits and counter affidavits, I am of the opinion that there is insufficient evidence of a definite offer by an authorized agent of the plaintiff to grant a license to defendant.

The meetings were apparently preliminary negotiations, contemplating future contracts and licenses which might be subsequently executed, but consummating no binding contract.

I am of the opinion that according to the ordinary rules the plaintiff is entitled to a preliminary injunction.

[4] It appears, however, that in the Second circuit there is pending further litigation on the Langmuir patent. It also appears that several of the preliminary injunctions that have been granted have been suspended. If the defendant desires a suspension, in order to profit by any defenses that may be established against the plaintiff in the pending litigation in the Second circuit against P. R. Mallory & Co., it seems not unreasonable to provide that as a condition of suspension the plaintiff may in this case use said record on its own behalf, if it shall elect to do so. If the results of litigation pending in other districts, and involving the same questions, may serve to avoid the expense of repeated litigation in independent suits in different districts, it seems desirable to avoid a different treatment of defendants in different districts. As other judges have thought that the circumstances justify an order for a preliminary injunction, with an accompanying order for suspension, it seems proper for this court to follow that course.

The affidavits of George P. Scholl, F. Alexander, and Charles J. Holland, certifying to a copy of an affidavit by A. Fishburg, were presented on July 2, 1923. Objection is made to receiving them for filing after the hearing, with a request that if, against objection, they shall be received, an opportunity be given to plaintiff to file affidavits in reply.

I have examined the affidavits to determine whether they are important enough to justify receiving them after the hearing, and reopening the case. In my opinion they are not of such importance, and the objection to their filing should be sustained.

Draft decrees for a preliminary injunction and for a suspension thereof may be presented accordingly, on or before July 23, 1923; corrections and objections thereto to be filed on or before July 28, 1923.