GEORGIA CONTINENTAL TELEPHONE CO. v. GEORGIA PUBLIC SERVICE COMMISSION et al.

No. 744.

District Court, N. D. Georgia.

July 13, 1934.

Carson E. Cowherd, of Kansas City, Mo., and Harold Hirsch & Marion Smith and D. F. McClatchey, Jr., all of Atlanta, Ga., for plaintiff.

M. J. Yoemans, Atty. Gen., J. T. Goree, B. D. Murphy, and J. J. E. Anderson, Asst. Attys. Gen., and Hugh Howell and Allen Post, Sp. Asst. Attys. Gen., for defendants.

Before SIBLEY, Circuit Judge, and GRUBB and UNDERWOOD, District Judges.

PER CURIAM.

Touching the rule to show cause against attachment for contempt of our former interlocutory order of injunction, the injunction is to be held one against enforcing the scale of rates as a whole which was prescribed on November 17, 1933, and which as a whole appeared to be confiscatory. This injunction did not prohibit, but rather contemplated, another rate investigation and the making of another scale of rates. The commission annulled its rate order of November 17, 1933, and on May 15, 1934, began a new proceeding upon which a scale of rates issued on June 22, 1934, which is now about to be enforced. It leaves some of the particular rate charges what they originally were, and leaves the great majority of them as they were fixed in the order of November 17, 1933, but raises about twenty-one of them to a higher level, so that as a result the income expected under them is about $2,000 per year more than that under the enjoined scale according to the company's estimate, and over $3,000 more according to the estimate of the commission. This ameliorates the rate reduction by from 16 to 25 per cent. The commission disclaims any contemptuous intention. The new scale on its face is not a mere repetition of the enjoined scale. No sufficient cause for adjudging the commission in contempt of court is shown, and the rule will be discharged.

A supplementary pleading under Equity Rule 34 (28 USCA § 723), seeking to enjoin as confiscatory the new rate order of June 22, 1934, has been allowed ex parte subject to objection, which it is moved be now dismissed because it sets up a new and distinct cause of action and because under the Act of May 14, 1934 (28 USCA § 41 (1, 1a), referred to as the Johnson Act, the court has no jurisdiction to grant the injunction prayed for. In reply it is contended that section 2 of the Johnson Act (28 USCA § 41 (1a) provides that suits pending at its passage are unaffected by it and are to be continued and proceedings had as though the act had not been passed, and furthermore that jurisdiction to enjoin this order exists under section 1 (28 USCA § 41 (1) because the order was not "made after reasonable notice and hearing," in that the commissioners who made it were disqualified by financial interest to make the order and acted under duress, and because they considered, as they previously announced they

would and as the order itself recites, other evidence in their files not a part of the records made before them in this proceeding, against the company's objection and demand to know what such evidence thus to be considered was.

■ Jurisdiction to enjoin the order because confiscatory would exist under Judicial Code § 24 (28 USCA § 41), unless taken away by the Johnson Act, and that act does not withdraw jurisdiction when a reasonable hearing was not given. A hearing in which the parties to be affected are not allowed to know what evidence is to be considered against them so that they cannot contradict or explain it is not reasonable. Interstate Commerce Commission v. Louisville & Nashville Railroad Co., 227 U. S. 88, 33 S. Ct. 185, 57 L. Ed. 431; United States v. Abilene & Southern R. R. Co., 265 U. S. 275, 44 S. Ct. 565, 68 L. Ed. 1016. It is no answer that the state court has held that under the Georgia law the commission in fixing a future rate acts legislatively and like a Legislature is not bound to grant any hearing, and therefore may, if of mere grace it grants a hearing, consider evidence in its files not introduced. City of Atlanta v. Georgia Railway & Power Co., 149 Ga. 411, 100 S. E. 442; Tift v. Atlantic Coast Line R. Co., 161 Ga. at page 445, 131 S. E. 46. We gravely doubt that a subordinate legislative agency may consistently with due process fix rates without a hearing. But that is not the question here. Irrespective of the power to do so, the Johnson Act retains federal jurisdiction when a reasonable hearing was not in fact had. Under these allegations jurisdiction to examine into the matter exists.

■ The contention that the commissioners were disqualified and under duress rests upon allegations, in substance, that they were appointed by a Governor who was elected on a platform promising reduction of public utility rates, that he removed their predecessors because of their inactivity and appointed the present commissioners after ascertaining that they were in sympathy with his program and would reduce them, and that he had repeatedly announced publicly that he would remove these and appoint others if they did not reduce rates, so that their salaries and offices were at stake. There are no allegations that there was any promise by the commissioners or any demand by the Governor that the particular rates of this particular telephone company should be reduced, or that they should be reduced below what was fair and reasonable. Construing the allegations against the pleader, we think no duress is shown. Not-

withstanding political platforms and administrative policies, appointees who take the oath of office must be considered to act honestly and in accordance with law and duty except as their official acts when performed prove otherwise. Courts will test these acts on their several merits, but will not investigate the politics of appointment. The financial interest alleged is too remote. It is not set up that the commissioners would lose their salaries as a direct result of a decision of this case one way or the other. But if there were a direct financial interest, since the law of Georgia does not provide for any other persons to act in such a case, the action of these commissioners would not be for that reason void. An officer, even a judicial officer, must act notwithstanding he may be interested if there is no one else who could act. 15 R. C. L. p. 541; State v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A. L. R. 1470, 1476 and note. Otherwise the processes of government would cease. We do not think the Georgia commission can be held generally disqualified to pass on rates within the state. Their decision in each case must be judged on its intrinsic merits. Because of the allegations touching the consideration of undisclosed evidence, we retained the pleading to hear testimony on the issues presented by it.

■■ But the question remains whether the jurisdiction ought to be exercised by a new bill or by a pleading in the nature of a supplemental bill bringing the new order within the scope of the pending suit. This order substitutes the former one and covers the same ground. But it was passed in a new proceeding instituted after the Johnson Act on full notice and with full opportunity for hearing except as above noted. Prior to the Johnson Act, under 28 USCA § 380, there was a preference for state jurisdiction in state rate cases in that federal jurisdiction was suspended when a state court granted a stay. The Johnson Act, with the exceptions which it makes, deprives the District Court of jurisdiction altogether. One exception is of pending suits, which are to be continued as though the act had not been passed. What ought the court to do when a state commission, yielding to a pending interlocutory injunction, revokes the enjoined order and in a new proceeding makes a new and different rate order? Hitherto the court had power by supplemental proceedings to bring the new order within the scope of the old bill and enjoin it also. Doubt was expressed about it, and a refusal to enjoin was affirmed in Higginson et al. v. C., B. & Q. R. Co. (C. C. A.)

102 F. 197. But the power was exercised in St. Louis & S. F. R. Co. v. Hadley (C. C.) 155 F. 220, largely because a new bill would undoubtedly lie and would be consolidated with the old one, reaching substantially the same result. The supplemental bill was also allowed in International Ry. Co. v. Prendergast (D. C.) 29 F.(2d) 296; Id. (D. C.) 52 F.(2d) 293. Nevertheless it was not a right of the complainant to have a supplemental proceeding instead of a new bill, but the matter rested in the sound discretion of the court. General Investment Co. v. Lake Shore Railway, 260 U. S. 263, headnote 14, 43 S. Ct. 106, 67 L. Ed. 244; General Electric Co. v. Alexander (C. C. A.) 280 F. 852; Rosemary Manufacturing Co. v. Halifax Cotton Mills (C. C. A.) 266 F. 363; Berliner Gramophone Co. v. Seaman (C. C. A.) 113 F. 750. The wording of Equity Rule 34 bears this out. The true question here is whether, in view of the policy plainly expressed in the Johnson Act to have state rate orders dealt with by state courts except that the federal court should finish with those already before it, new rate orders ought to be drawn by supplemental bill to the federal courts. In this case there has been no master appointed, no taking of testimony for final hearing, no rate base established, only a general hearing for interlocutory injunction. There is nothing already done which would not have to be done again in making a judgment on the new rate order. The old order is annulled and gone. We have heard the evidence touching the reasonableness of the attacked hearing. It appears from the testimony of the chairman of the commission, all the commissioners being present before us, that the evidence considered outside of that formally introduced was only the annual reports of this complainant and the answers it made to a questionnaire in connection with this proceeding and related only to operative data and the number and classification of telephones in use. It appears that these documents were referred to in the examination of the witnesses before the commissioners, although not formally put in evidence. They were made by this complainant for the information of the commission. The facts taken from them are not now claimed to be wrong or mistaken. While the announcement of the commission that they would consider any pertinent evidence in their files cannot be justified, nor would doing so be reasonable, since it appears that no improper or surprising evidence was thus used, we are of opinion that the hearing was not in fact unreasonable. We also offered to hear evidence on the other allegations of the supplemental pleadings, but none was offered on the point of duress and disqualification of the commissioners except of the general nature above discussed. The commissioners strenuously deny any improper promises on their part or any coercion on the part of the Governor. This therefore is a case where it appears that, if it were an original bill, it ought to be dismissed as not involving really and substantially a controversy within the jurisdiction of the court. 28 USCA § 80. In the exercise of discretion the supplemental proceeding in view of the policy of the Johnson Act ought not to be entertained.

An interlocutory injunction will therefore be denied, and the supplemental proceeding will be dismissed without prejudice to a bill in the state courts covering its subject-matter.

GRUBB, District Judge.

Being of the opinion that the court had and should retain jurisdiction of the subject-matter of the supplemental pleading under the terms of the Johnson Act, I do not concur in the above memorandum of the court.