ROSEMARY MFG. CO. v. HALIFAX COTTON MILLS, Inc.

(Circuit Court of Appeals, Fourth Circuit. January 7, 1919.)

No. 1647.

PATENTS ☞328—VALIDITY—POWER LOOM.
    The Patterson reissue patent, No. 12,159 (original No. 722,243), for power loom, *held* void, as claiming broadly a combination of Jacquard mechanism with a plain power loom equipped with an automatic weft-replenishing device, which was not the patentee's invention.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Suit in equity by the Rosemary Manufacturing Company against the Halifax Cotton Mills, Incorporated. Decree for defendant, and complainant appeals. Affirmed.

William W. Dodge, of Washington, D. C., and Robert Fletcher Rogers, of New York City (Caskie & Caskie, of Lynchburg, Va., on the brief), for appellant.

Melville Church, of Washington, D. C. (Titian W. Johnson, of Washington, D. C., and Coleman, Easley & Coleman, of Lynchburg, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The plaintiff, the Rosemary Manufacturing Company, is the owner of reissued letters patent No. 12,159, granted September 29, 1903, to Samuel F. Patterson. It charges infringement by the defendant, the Halifax Cotton Mills, Incorporated. The lower court dismissed its bill, and it has appealed.

If the patent is valid, its claims can be read upon the looms used by the defendant. The latter, however, denies validity, and in the alternative says it has a license. In the view we take of the first con-

---

tention, it is unnecessary to consider the second. In substance the claims are for a combination of Jacquard mechanism with a plain power loom equipped with automatic devices for replenishing or renewing the weft thread. The plain hand loom is milleniums old. More than a century has elapsed since men found how it might be driven by steam. The invention of Jacquard was made a hundred years or more ago, and for that length of time the combination of the Jacquard mechanism with the plain power loom has been in general use. As early as 1834 it was perceived that such a combination as the plaintiff now claims would be a great improvement in the art. In the year mentioned two British inventors obtained a patent for a loom which they thought embodied it. In point of fact their device did not work, and their machine does not anticipate the plaintiff's.

In many inventions there are two distinct steps: First, the conception of the general result wished for; second, the discovery of a way of obtaining it. In a large majority of cases, perhaps, the first may be obvious to every one interested in a particular art, and it is the second which calls for the exercise of inventive genius. But that is not always so. It may well be that two or more machines, appliances, or tools are old and well known. Some day it dawns on some one that, if they are combined, new and useful results will be obtained. It may be that, so soon as the advantages of the combination are understood, the means of bringing it about are within the capacity of any fairly skilled mechanic. In a third class of cases inventive genius may be required both in perceiving the combination that is desirable, and in finding out a practical way of making it.

In applying these platitudes to the instant case it will be seen that there is nothing new in Patterson's idea that the combination claimed by him would be useful. That was then at least 65 years old. All the greater would be the presumption of invention in one who after such a length of time found the way to attain the end. One who so succeeded could, it is true, not claim a monopoly of the combination, however brought about, because the conception of that combination was not his contribution to the art. But he would be entitled, not only to a patent for his way of making that combination workable, but also to an extremely liberal construction of his claim, so as to cover a broad range of equivalents. Unfortunately Patterson's claims are in fact for the combination, no matter how effected, and of that he was not the inventor. It is true that some of these claims apparently go somewhat into detail; but the patent does not clearly tell us in what the invention lies, unless it is in the combination, nor have we been able to discover in what other than such combination it is supposed to be found, although we have had the benefit of the testimony of highly qualified experts and of the briefs and oral arguments of able and experienced counsel.

The patent law requires the patentee to tell in what his invention consists. This is the rule, which we may not relax, even if we would; but this is a case which from every standpoint calls for its reasonable application. Why, after the desirability of the combination was perceived, did two-thirds of a century pass before it was effected. The

record shows that for 61 out of the 65 years no on. .new how to supply one of the elements. It was not until 1895 that in the Draper-Northrop loom the world. first saw an automatic weft-replenishing device successfully applied to even a plain power loom. Some years elapsed before its merits were fully recognized, and in 1899 Patterson says he conceived his invention. At that day all that was open to his appropriation was the method by which he successfully combined the new Draper-Northrop loom with the old Jacquard. If he had limited his claims to the way or ways in which he had achieved this end, the court and the public would have been able to say whether invention was displayed in what he did. In passing on that question he would have been entitled to whatever favorable presumptions were raised by the admitted success of his loom and the use of it by the defendant. As it is, his claims call for more than was open to his monopolization, and are in consequence invalid

Affirmed.