**Herbert GLATT, t/a Magla Products, Appellant,**

v.

**G. C. MURPHY COMPANY, Appellee.**

**No. 7880.**

United States Court of Appeals Fourth Circuit.

Argued June 23, 1959.

Decided Aug. 29, 1959.

Peter J. Gaylor, Elizabeth, N. J. (Thomas W. Y. Clark, Baltimore, Md., on the brief), for appellant.

Irving Seidman, New York City (Jacob S. New, Baltimore, Md., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The District Court [1] held invalid claims 2 and 4 of Glatts' Patent No. 2,704,730, issued March 22, 1955, covering "Semi-Porous Coated Cloth and Articles Made Therefrom." [2] We agree that those claims are invalid for lack of invention.

---

1. 168 F.Supp. 50.

2. Those claims are in the following language:
   "2. A ventilated cloth of improved surface smoothness and heat reflectivity comprising a sheet of closely woven textile, a thin, semi-porous, heat reflective, solid, hard-when-dry, non-penetrating, organic thermosetting resin coating applied by knife coating substantially uniformly on the top surface only thereof in an amount of about 0.3 to 1.2 ounces of dry solids per square yard of cloth sur-

face, deposited mainly in the interstices between the weaves of the textile but insufficiently deposited to completely fill said interstices, thereby forming small vent openings in said resin coating in said interstices."
   "4. A ventilated cloth according to claim 2 in which the textile is a cotton drill suitable for ironing pad cover use, and the plastic coating comprises substantially a plastic film-forming material stable at temperatures of at least 500° F."

In 1948 and 1949, Glatt was a young man with a small mercantile business. Among other things, he sold ironing board covers, and he became acquainted with the deficiencies of those he sold. He undertook to find a better, more salable, cover, particularly one with a heat resistant coating.

The domestic ironing board must be padded, usually with heavy, loosely-woven cotton material. The surface of such a pad is unsuitable for ironing and must be covered. Layers of tightly stretched cotton drill sheeting, or similar material, had long been used as a cover. Covers coated with thermoplastic resins had appeared on the market, but purchasers found them unsatisfactory. The complaints that such plastic-coated covers lacked heat resistance set Glatt upon his search.

Glatt circularized a large number of manufacturers of coated fabrics asking for samples of coated material suitable for ironing board covers, which would not scorch at 500° F. Gordon-Lacey Chemical Company submitted a sample which Glatt thought supplied his need. It was a cotton fabric coated on one side with a thermosetting plastic containing a heat reflective pigment. From this material he made up and sold a number of ironing board covers. Soon, complaints came in of sticking or drag of the iron when in contact with the surface of the cover. Glatt sought greases and waxes having high melting points, and experimented with one as a surface lubricant. This did not fully answer the problem.

These coated covers were substantially impervious to water and to water vapor, a quality which Glatt had thought desirable. A testing laboratory, to which Glatt submitted his covers, reported the presence of moisture on the surface of the cover as it confirmed the objectionable drag effect. It did not relate the two phenomena. Sometime later, Glatt conceived the idea of perforating his cover to drain off water to the absorbent underside of the cover and to vent the steam. By experimentation he found that when his cover was uniformly perforated with holes of 0.026–0.11 inches diameter, aggregating approximately eight per cent of the surface area of the cover, the drag effect was overcome and the holes were not so large as to emboss material being ironed.

Glatt obtained a patent upon this improved cover. Patent No. 2,570,110 entitled "Ironing Pad Cover" was issued to Glatt on October 2, 1951. It fully discloses an ironing board cover having in combination a smooth, plastic surface, heat resistance, heat reflectivity and, through the mechanical perforations, porosity to vent steam and moisture.[3]

Though there was substantial demand for his improved, patented cover, Glatt was not satisfied. Perforating the material by machine was expensive, and, with use, the perforated holes tended to fray and to emboss fine goods being ironed. He had seen an artisan use a knife to scrape a plastic coating upon woven material. It occurred to him that, using the old knife coating process, the plastic material might be scraped mainly into the interstices of the cloth, without completely filling them. He reasoned that if pin point openings could be left in the interstices, thus preserving some of the natural porosity of the cloth, he could avoid resort to mechanical perforation.

Glatt was unskilled in the coating art, but he told officials of Jewel Sheen Coating Company what he wanted. That company, which had been supplying his requirements of coated fabrics, encountered no difficulty in complying with his

3. An earlier patent, Callan, No. 2,298,927 issued October 13, 1942 fully disclosed the drag problem with coated ironing board covers, its cause and its solution by mechanical perforation to give the cover the quality of porosity. Glatt was ignorant of the Callan patent until it was cited against him in the Patent Office. There it was distinguished upon the ground that Callan used a thermoplastic resin for his coating which was demonstrably deficient in the qualities of heat resistance and reflectivity.

request, though it did not follow the suggested means to accomplish the end. It selected material which would contract as it was dried and applied it to the cloth in a continuous film, closing each of the interstices. The contraction of the coating material during the drying operation resulted in a rupture of the film in each of the interstices or in substantially all of them. When finished, therefore, the coating material was mainly in the interstices of the cloth, but did not completely fill them.

This fabric served Glatt's purpose. He obtained Patent No. 2,704,730 upon it. It is with claims 2 and 4 of that patent we are now concerned.

The patent is upon the fabric, not upon an ironing board cover made of such material. In his specifications, Glatt says the fabric is useful for ironing board covers, interliners for clothing and for other purposes. His claims are not limited to ironing board covers, but extend to the fabric for whatever purpose employed. If, therefore, invention might be said to lie in the use of such material for ironing board covers, it would avail nothing, for the claims would comprehend more than the invention and would be invalid for that reason. Graver Tank & Manufacturing Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672; Rosemary Mfg. Co. v. Halifax Cotton Mills, Inc., 4 Cir., 257 F. 321.

As a fabric patent, it must be judged from the point of view of one of ordinary skill in the fabric coating art. There, coated fabrics containing in combination a smooth surface, heat resistance and heat reflectivity were well known. Plastic coated fabrics in which some of the original porosity of the cloth was retained were also well known. The industry had encountered problems in making fabrics impervious to water and gases, where that was a desirable characteristic, as Glatt, here, originally thought, but there was no problem in preserving some of the original porosity of the cloth. This is illustrated by Glatt's admission that the coating company had no difficulty in producing the fabric when he told them what he wanted.

We need not here recite in detail the state of the art at the time Glatt worked. It is fully set forth and carefully analyzed in the opinion of the District Court.[4] It abundantly supports his findings of fact which, in turn, support the conclusion of obviousness.

Even in the field of ironing board covers and ironing pads, Glatt and others had already taught the necessity of providing means to vent steam in combination with the other characteristics of Glatt's cover. Glatt's only problem was to provide that means without resort to mechanical perforation. Holroyd Patent No. 2,534,818 showed a woven asbestos ironing roll cover coated with plastics and retaining some of the natural porosity of the fabric. Use of coated fabrics with retained natural porosity for domestic ironing board covers was shown. Retention after coating of some of the natural porosity of the cloth was a familiar thing in the coating industry.

To Glatt, who was unfamiliar with the textile and coating arts, it may not have been obvious that his purpose of ventilation, served by his mechanical perforations, could be achieved in the finishing process by retaining some of the porosity of the cloth. To one acquainted with the learning in the art and the practices in the industry, the evidence warrants the finding of the District Court that the answer was readily at hand.

We agree with the conclusion of the District Court that these claims are invalid.

Affirmed.

4. See, particularly, 168 F.Supp. 56, et seq., 64 et seq.